[No. A021475. First Dist., Div. Four. Dec. 19, 1985.]

SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT,
Plaintiff and Appellant, v.
WHEATLEY-JACOBSEN, INC., et al., Defendants and Respondents.

COUNSEL

Richard Godino, Celia Ruiz and Breon, Galgani, Godino & O'Donnell for Plaintiff and Appellant.

Danial J. McNamara, John Fioretta, McNamara, Houston, Dodge, McClure & Ney, Joel Shawn and Richard M. Marx for Defendant and Respondent.

OPINION

ANDERSON, P. J.—

## FACTS

On December 6, 1982, the superior court for Contra Costa County granted respondent Wheatley-Jacobsen, Inc.'s motion to dismiss the case brought

against it by appellant San Ramon Valley Unified School District. Appellant contends that the order of dismissal should be reversed because the trial court abused its discretion. We reject this contention and affirm the judgment.

On December 30, 1977, appellant filed a complaint against the general contractor (Wheatley-Jacobsen, Inc., hereafter respondents), architects, soil engineers and surety company who were involved in the construction of a high school gymnasium for appellant. The complaint alleged breach of contract for deficient architectural work, deficient engineering, and deficient construction and sought damages and declaratory relief.

On March 20, 1978, the defendant architects filed a motion asking the court to order arbitration and to stay the proceedings against them. On April 11, 1978, the trial court ordered arbitration between appellant and defendant architects and stayed the proceedings as to the architects. The arbitration proceedings did not commence until June 1982. The arbitration resulted in a settlement between appellant and defendant architects on November 8, 1982. The only action appellant took in prosecuting its claim against the remaining defendants was one request to produce documents and four depositions.

On November 9, 1982, more than four years and ten months after filing the original complaint, appellant moved to specially set the case for trial. On November 17, 1982, respondent filed a motion pursuant to Code of Civil Procedure section 583, subdivision (a),[1] to dismiss the case for failure to bring the action to trial within two years. On November 23, 1982, the trial court granted the motion to dismiss, rendering the motion to specially set the case for trial moot. Appellant then filed its notice of appeal.

### DISCUSSION

Because appellant moved to specially set the case for trial within five years of filing the complaint, we are not concerned here with the mandatory dismissal provision of section 583, subdivision (b). The only issue on appeal is whether the trial court abused its discretion in dismissing appellant's action for want of prosecution pursuant to section 583, subdivision (a). ▮▮ Before deciding this issue we must first determine the level of appellate scrutiny to be applied in reviewing a trial court's order of dismissal made pursuant to section 583, subdivision (a).

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure. These dismissal sections were renumbered and reorganized by Statutes 1984, chapter 1705 and appear now in sections 583.110-583.410.

In the 1983 case of *Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554 [194 Cal.Rptr. 773, 669 P.2d 9], the Supreme Court discussed the standards that apply in reviewing motions to specially set a case for trial and motions to dismiss for lack of prosecution. ■ The high court, citing *Beswick* v. *Palo Verde Hospital Assn.* (1961) 188 Cal.App.2d 254 [10 Cal.Rptr. 314], held that the action of a court in passing upon a motion for early and preferential trial setting " 'is tantamount to action upon a motion to dismiss for failure to prosecute within the two-year period prescribed by section 583 of the Code of Civil Procedure; in each instance the motion is addressed to its sound legal discretion; the motivating factors in the exercise of that discretion would be pertinent to both motions; *and its decision "will be disturbed only in cases of manifest abuse."* ' " (*Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at p. 561, italics added, original italics omitted.) ■ We read the last part of this sentence to mean that an appellate court should give the trial court's ruling on these motions substantial deference.

A different standard of review was recently enunciated by the Fourth Appellate District in *Hurtado* v. *Statewide Home Loan Co.* (1985) 167 Cal.App.3d 1019 [213 Cal.Rptr. 712], review denied August 29, 1985. The court in *Hurtado* opined that the abuse of discretion standard is "virtually useless as an analytical tool." (At p. 1022.) The court went on to say that the standard refers to "the amount of deference which appellate courts accord to trial court determinations." (*Ibid.*) The court concluded that an appellate court is in just as good a position as the trial court to review a section 583, subdivision (a), motion to dismiss and therefore the appellate court should not give deference to the trial court's ruling, but instead should exercise "plenary appellate scrutiny." (*Id.,* at pp. 1026-1027.) The court based its conclusion on the fact that a section 583 motion is based in part on declarations that are equally available to both the trial and appellate courts and the premise that in the usual case there is no "serious factual controversy." (*Id.,* at p. 1026.)

We believe that the level of appellate scrutiny that the *Hurtado* court applied and set forth as controlling in the review of decisions on section 583, subdivision (a), motions is inconsistent with the standard of review enunciated by the Supreme Court in the *Sunshine Meat* case. We read the holding of *Sunshine Meat* to mandate our deference to the trial court's ruling on this motion. ■ When faced with a conflict in authority between an appellate court decision and a Supreme Court decision we are bound to follow the precedent set by the Supreme Court. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) ■ Accordingly, we cannot reverse the trial court's decision to

grant respondents' section 583, subdivision (a), motion to dismiss unless we determine that there was a *"manifest* abuse of discretion." (*Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at p. 561, emphasis added; see also *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 331 [216 Cal.Rptr. 718, 703 P.2d 58].)

■ Turning to the ruling of the superior court granting respondents' motion to dismiss, we note that the California Rules of Court set forth the factors which the trial court must consider when ruling on a section 583, subdivision (a), motion.[2] Appellant contends that "[a] review of the record filed herein amply reveals that the trial court failed to adequately consider these mandatory factors or make an adequate record on this point." ■ Contrary to the implication of appellant's argument, the California Rules of Court do "not require the court to designate the basis for its decision orally or in writing. Nor does it require the court to recite that it considered all relevant matters or each of the listed factors." (*Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at p. 562.) "Moreover, it is presumed that the court followed the law. . . . '"A judgment . . . of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, . . ."' [Citation.] The mere fact that the court did not explicitly refer to rule [373(e)], when the statute contains no such requirement does not support the conclusion that it was ignored." (*Id.,* at p. 563, original italics.)

■ Here, as in *Sunshine Meat,* the record supports the trial court's decision. The declarations established that over a four-year ten-month period, the only pretrial discovery that appellant pursued with respect to the nonarchitect defendants was one request to produce documents and four depositions. The fact that appellant was participating in arbitration proceed-

---

[2]California Rules of Court, rule 373(e), now provides: "[Relevant matters] In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits *and declarations* and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case or by imposing conditions on its dismissal or trial; and any other fact or circumstance relevant to a fair determination of the issue." (Note that at time of hearing on this motion the applicable rule was numbered 203.5(e); that was repealed effective Jan. 1, 1984, when rule 373(e) became effective: Rule 373(e) simply restated rule 203.5(e) with the addition of the italicized language.)

ings with the architects does not excuse its lack of diligence in prosecuting its case against the other defendants. Given the nature and complexity of the case, it would have been unjust to require respondents to prepare for trial in less than two months when appellant had the benefit of information learned through the arbitration proceedings to which respondents were neither invited, nor about which were they briefed. While appellant is correct in asserting that the trial court *could* have required appellant to fully disclose all information regarding the case to respondents as a condition of denying the 583, subdivision (a), motion, the prejudice in forcing respondents to trial on such quick and unexpected notice would still exist. Moreover, there is ample evidence in the record to support the trial court's ruling,[3] and thus appellant has failed to affirmatively show error.

In addition to the factors listed in California Rules of Court, rule 373(e), recent cases have also considered both the prejudice to the defendant that results from the plaintiff's failure to diligently prosecute the action and any excuse offered by the plaintiff to explain his lack of diligence. (*Wilson* v. *Sunshine Meat & Liquor Co., supra*, 34 Cal.3d 554; *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829]; *Sanborn* v. *Chronicle Pub. Co.* (1976) 18 Cal.3d 406 [134 Cal.Rptr. 402, 556 P.2d 764]; *Denham* v. *Superior Court* (1970) 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193].) Because of the conflict between the underlying policy of section 583, subdivision (a), to promote due diligence on the part of the plaintiff and the policy favoring resolution of disputes by a trial on the merits, it is not clear which, if any, party has the burden of proof on a section 583, subdivision (a), motion.

In 1970 the Supreme Court held that "[t]he statute places no restrictions on the exercise of the trial court's discretion, and in particular there is no requirement that the motion to dismiss must be granted unless opposed by an adequate showing of diligence or excuse for delay." (*Denham* v. *Superior Court, supra*, 2 Cal.3d at p. 563.) The court in *Denham* went on to

---

[3]Respondents' notice of motion and motion to dismiss for failure to bring action to trial within two years discusses the facts relative to each of the criteria enumerated in the rule: (1) over four years from answers by all defendants to plaintiffs at-issue memorandum; (2) settlement discussions only with architects (reached Nov. 8, 1982, for $65,000); (3) a lack of diligence by plaintiff in pursuing very limited discovery in the four years ten months prior to its motion to set specially (only a motion to produce and four depositions, no interrogatories, no request for admissions and no request for nor disclosure of experts); (4) the complex nature of the case (multiple parties, cross actions by general contractor against sub-contractors, the damages claimed based on said movement involving alleged architectural, engineering, soil evaluation and constructional negligence); (5) the complexity of the law applicable to the case (nine separate affirmative defenses); (6) the delay is solely attributable to plaintiff; and (7) the crowded condition of the court's calendar due to "recent crush of criminal litigation" makes a shortage of departments for this 10-day trial.

say that "[a]lthough a defendant is entitled to the weight of the policy underlying the dismissal statute, which seeks to prevent unreasonable delays in litigation, the policy is less powerful than that which seeks to dispose of litigation on the merits rather than on procedural grounds." (*Id.*, at p. 566.)

In the 1976 case of *Sanborn* v. *Chronicle Pub. Co., supra,* 18 Cal.3d 406, the Supreme Court held that "[t]he *plaintiff* has failed to meet his *burden* of showing excusable delay." (At p. 418, italics added.)

In 1981 the Supreme Court stated that "the burden is on the *defendant* to show that dismissal is warranted" when discussing the requirements imposed by section 583, subdivision (a). (*Hocharian* v. *Superior Court, supra,* 28 Cal.3d at pp. 722-723, fn. 7, original italics.)

Finally, in 1983 the Supreme Court in the *Sunshine Meat* case reiterated that the policy favoring litigation on the merits was stronger than that underlying section 583, subdivision (a). (*Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at p. 562.) The court went on to say "[n]evertheless, an alleged wrong, without more, is obviously not sufficient to undermine the policy of section 583, subdivision (a). The more compelling policy favoring resolution on the merits will only prevail where plaintiff makes *some* showing of excusable delay. [Citation.]" (*Id.*, at pp. 562-563, original italics.) The court in *Sunshine Meat* then noted that the plaintiff had not shown excusable delay but the defendant had shown prejudice. (*Id.*, at p. 563.)

█ In our view the only consistent reading of these four Supreme Court cases is that section 583, subdivision (a), places a burden on the defendant to show that a dismissal is warranted through a showing of some prejudice or the presence of factors enumerated in the California Rules of Court which when viewed together militate in favor of dismissal, and that when such a showing has been made, the burden shifts to the plaintiff to show excusable delay. █ In applying this standard to the case at bar we find support for the judgment. Here, as in *Sunshine Meat,* respondents have convincingly shown that the California Rules of Court criteria speak in favor of their dismissal and that they have been prejudiced. Appellant, on the other hand, has utterly failed to excuse his delay in waiting over four years and ten months to file his application for order shortening time and motion to specially set case for trial.[4]

---

[4]No reason for delay is cited in appellant's declaration in support of motion to specially set case for trial filed November 9, 1982, other than a recitation that the complaint was filed December 30, 1977, and that pursuant to section 583, subdivision (b), "[t]his action must be brought to trial before December 30, 1982 . . . ."

The only facts that could possibly be construed as a *reason* for excusable delay are found

Upon consideration of the factors listed in the California Rules of Court and the standards enunciated by the Supreme Court, we do not find that the superior court abused its discretion in granting respondents' motion to dismiss pursuant to section 583, subdivision (a).

The judgment is affirmed.

Poché, J., and Sabraw, J., concurred.

in the memorandum of points and authorities in support of motion to specially set case for trial. That document recites the court ordered arbitration between appellant and the architects and incorrectly implies that these (i.e., complaint against the general contractor, architects, soils engineer and surety) were all stayed pending resolution of these arbitration proceedings.