[No. B009220. Second Dist., Div. Four. Jan. 21, 1986.]

FRANK LANE et al., Plaintiffs and Appellants, v.
NEWPORT BUILDING CORPORATION et al.,
Defendants and Respondents.

**COUNSEL**

Haight, Dickson, Brown & Bonesteel, Roy G. Weatherup, Robert M. Dato, Cosgrove, Michelizzi, Schwabacher, Ward & Jackson and Philip M. Schwabacher for Plaintiffs and Appellants.

Norby & Brodeur and Vincent W. Campbell for Defendants and Respondents.

**OPINION**

**ARGUELLES, J.**—Frank Lane and Yvonne Lane (appellants) appeal from the dismissal of their action for injunction, damages and inverse condemnation against Newport Building Corporation and Roland Land Company

(respondents),[1] pursuant to Code of Civil Procedure section 583, subdivision (b),[2] which mandates dismissal of actions not brought to trial within five years after the complaint is filed.

The primary issue presented for our determination is whether, when one among multiple defendants had filed a petition in bankruptcy, the trial court properly granted the motion to dismiss (§ 583, subd. (b)) finding that it was not "impracticable" to bring the action to trial against the remaining defendants within the five-year statutory period. We conclude that dismissal was proper for the reasons discussed below, and, therefore, we affirm the dismissal order.

## FACTS AND PROCEDURAL HISTORY

On January 16, 1979, appellants filed their original complaint for injunction and damages against respondents. The gravamen of the complaint was that respondents and the other named defendants had "caused to be constructed a drainage channel on the property of defendant Roland Land Company" which obstructed and diverted the natural flow of rain and drainage waters so that water backed up on appellants' adjacent property.

Respondents answered the complaint and filed a cross-complaint on May 17, 1979, naming Raymond Scott Engineering Company (Raymond Scott) among others as cross-defendants. Among the allegations of the cross-complaint was that Raymond Scott had contracted with respondents to perform various engineering services pertinent to the drainage channel and the surrounding land, and that any damages caused to appellants resulted from Raymond Scott's negligence.

Raymond Scott was subsequently substituted as a named defendant for "DOE II" in the complaint.

On September 1, 1982, Raymond Scott filed a petition for voluntary liquidation under chapter 7, title 11, of the United States Code in bankruptcy court. On October 7, 1982, a notice of filing of bankruptcy petition was filed in the underlying action showing proof of service upon appellants' counsel and the other interested parties. The filing of that notice was apparently followed by a letter from Raymond Scott's counsel to all parties advising them of Raymond Scott's intent not to attend a pretrial conference as a result of the automatic stay order of the bankruptcy court.

---

[1]Other defendants originally named in this action and a consolidated case, including the County of Los Angeles, were previously dismissed.

[2]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

On April 7, 1983, a mandatory settlement conference took place. No settlement was reached, and a trial setting conference was scheduled for January 12, 1984.

On May 4, 1983, pursuant to the terms of a stipulation, appellants' action was consolidated with another action against respondents.

On January 10, 1984, appellants advised respondents that the trial setting conference had been taken off calendar, and that the trial date had been set for March 15, 1984.

On February 7, 1984, Raymond Scott's bankruptcy counsel advised all parties that Raymond Scott would not be participating in the trial.

On April 10, 1984, respondents filed a motion to dismiss the action pursuant to section 583, subdivision (b), contending that the five-year statutory period in which appellants were required to bring their action to trial had expired the previous January.

The court granted the motion and dismissed appellants' action against respondents, leaving the cross-action stayed but intact and the consolidated action intact. This appeal followed.

Appellants contend on appeal that the trial court abused its discretion in dismissing their action against respondents, and that the order of dismissal should be reversed because: (1) appellants were reasonably diligent in prosecuting their action, reasonable diligence being the guideline by which to assess the statutory exceptions to mandatory dismissal of "impossibility," "impracticality" and "futility"; and (2) it was impractical and futile for appellants to bring their action to trial within five years because one of the defendants, a necessary party, was in bankruptcy.

## DISCUSSION

Under section 583, subdivision (b) (now see §§ 583.310, 583.340, and 583.360),[3] " ' "[t]he burden is on plaintiffs to first establish in the trial court, by clear and convincing proof, the existence of either impossibility, impracticability or futility of bringing the matter to trial within five years. Absent such a showing, the five-year statute applies without any further consideration or determination of prejudice.' (*Central Mutual Ins. Co. v. Executive Motor Home Sales, Inc.* [1983] 143 Cal.App.3d [791] at p. 796 [192 Cal.Rptr. 169].)" (*Campanella v. Takaoka* (1984) 160 Cal.App.3d

---

[3]Section 583 was repealed and superseded by Statutes of 1984, chapter 1705, sections 4 and 5.

504, 513 [206 Cal.Rptr. 745]; see *Kotoff* v. *Efseaff* (1985) 172 Cal.App.3d 991, 997 [218 Cal.Rptr. 499].)

" 'What is impossible, impracticable or futile must be determined in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citations.] The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case.' [Citations.]" (*Campanella* v. *Takaoka, supra,* 160 Cal.App.3d at p. 510.)

■ Appellants argue that they were reasonably diligent in prosecuting their action, despite the fact that "plaintiffs' counsel assumed that the trial would be continued until such time as the bankruptcy proceedings terminated." On the basis of that assumption, counsel did not object at the mandatory settlement conference of April 1983 to the calendaring of the trial setting conference on a date that was a mere four days before the supposed expiration of the five-year statute and, later, took the trial setting conference off calendar and permitted a trial date to be set that was two months after the expiration of the five-year period.

We find appellants' argument that their counsel's "assumption" that the bankruptcy of one among multiple defendants would stay the entire action "*at most* amounts to nothing more than inadvertence" to be disingenuous, especially given counsel's apparent failure to take any steps to prosecute the action or preserve his clients' right to trial after he learned of the Raymond Scott bankruptcy in October of 1982. Additionally, appellants fail to cite relevant authority for the reasonableness of their counsel's assumption as to the scope and effect of the bankruptcy stay on their action; respondents, however, cite case authority indicating that appellants' counsel's assumption was probably untenable.

We note for purposes of illustration only, and without commenting on their propriety, the following steps which reasonably diligent counsel might have taken to avoid dismissal and/or bring the action to trial within the five-year statutory period: (1) apprising the trial court at the mandatory settlement conference of the problem presented by Raymond Scott's bankruptcy stay; (2) moving the court or proposing a stipulation to stay the entire action, pending the outcome of the bankruptcy proceeding; (3) proposing a stipulation to extend the time within which the action must be brought to trial (§ 583.330); (4) moving the court to specially set the entire action for trial prior to the expiration of the five-year period pursuant to rule 375(b) of the California Rules of Court (see *Campanella* v. *Takaoka, supra,* 160 Cal.App.3d at pp. 510-511); (5) moving the court to sever the causes per-

taining to Raymond Scott (§ 1048, subd. (b)) and proceeding to trial on the remaining causes against respondents; or (6) seeking relief from the stay as to Raymond Scott in bankruptcy court. (Bankr. Rules, rules 4001, 9013, 9014, 11 U.S.C.; 1A Collier on Bankruptcy (14th ed. 1978) ¶ 11.08.) Appellants do not cite these or any other steps taken by their counsel to preserve their right to trial and avoid dismissal of their action.

However, even "assuming" ourselves, without deciding, that such an assumption by counsel as to the scope and effect of the bankruptcy stay on the pending action was "*at most . . .* inadvertence," the day—as well as the action—is not saved.

". . . A party's inadvertence in selecting a trial date does not constitute impossibility or impracticability under section 583, subdivision (b), because it is the party's duty to keep track of such crucial dates. (*State of California* v. *Superior Court* (1979) 98 Cal.App.3d 643, 649-650 [159 Cal.Rptr. 650].) 'The burden is upon the plaintiff to call to the attention of the court the necessity for setting the trial for a time within the period fixed by [section 583]. [Citation.]' (*Steinbauer* v. *Bondesen* (1932) 125 Cal.App. 419, 426 [14 P.2d 106].) If the plaintiff could have acted to bring the case to trial on time and failed to do so, relief will not be given even if the plaintiff claims to have relied on the performance of an official duty. (*Karubian* v. *Security Pacific Nat. Bank* [1984] 152 Cal.App.3d [134] at p. 140 [199 Cal.Rptr. 295].) The court had no duty to check appellants' calculations for error before assigning the requested trial date." (*Cannon* v. *City of Novato* (1985) 167 Cal.App.3d 216, 222 [213 Cal.Rptr. 132].)

Appellants' further argument that it would be impractical or futile to proceed to trial without Raymond Scott ignores the fact that the bankruptcy might effectively result in the discharge of any claims appellants might have against Raymond Scott. (See generally 11 U.S.C., §§ 523, 727; 1A Collier on Bankruptcy, *supra,* ¶ 17.08.) Thus, appellants fail to demonstrate that they would ever be in a position to prove their alleged causes of action against Raymond Scott after termination of the bankruptcy proceeding.

We conclude that the appellants failed to prove by clear and convincing evidence the impossibility, impracticability or futility of bringing their case to trial within five years, and, accordingly, the trial court did not abuse its discretion in dismissing the action against respondents.

## DISPOSITION

The order of dismissal is affirmed.

McClosky, Acting P. J., and Luke, J.,* concurred.

A petition for a rehearing was denied February 13, 1986, and appellants' petition for review by the Supreme Court was denied April 16, 1986.

---

*Assigned by the Chairperson of the Judicial Council.