[No. E015968. Fourth Dist., Div. Two. Oct. 4, 1996.]

ESPERANZA LOPEZ et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

## COUNSEL

Will Hawes for Plaintiffs and Appellants.

Daniel E. Lungren, Attorney General, Margaret A. Rodda, Assistant Attorney General, Kristin G. Hogue and Patricia E. Mundy, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**WARD, J.**—Defendant and respondent State of California (State) moved for discretionary dismissal of plaintiffs' action for failure to prosecute. The trial court granted the motion to dismiss. We affirm.

### FACTUAL BACKGROUND

The incident giving rise to this action occurred in August of 1989. Plaintiffs filed their complaint for damages alleging wrongful death of an inmate at the California Rehabilitation Center-Norco on July 13, 1990. The State filed its answer on September 24, 1990. In January and March of 1991, plaintiffs served one set of inspection demands and one set of special interrogatories. The State responded to these discovery requests. The State propounded form interrogatories in February 1991, but there is no record that plaintiffs responded. In January 1992, plaintiffs' original counsel made a motion to withdraw based upon plaintiffs' failure to communicate. The court granted the motion in an order dated March 4, 1992.

There was no activity in the case from March 4, 1992, to the date of filing of the motion to dismiss in November of 1994, except a change of address notice on the part of the State and a case management conference on August 12, 1994.

The State moved to dismiss on the basis of the failure to prosecute pursuant to Code of Civil Procedure sections 583.410 and 583.420. The motion to dismiss was served on all plaintiffs. Plaintiffs and appellants here, who are three of the five original plaintiffs, engaged their present counsel at or about the time of the hearing on the motion. Counsel filed an opposition to the motion but the court considered it not timely filed. The court granted the motion, the action was dismissed, and this appeal followed.

### DISCUSSION

#### I. *Abuse of Discretion*

Code of Civil Procedure section 583.410, subdivision (a) provides: "(a) The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case."

Code of Civil Procedure section 583.410, subdivision (b) provides that the dismissal shall be pursuant to the rules of court. California Rules of Court,

rule 372(a) provides that the court has discretion to dismiss if the action is not brought to trial within two years of commencement. Rule 372(b) provides that the section was adopted "to reduce unnecessary delay in the resolution of litigation and to improve the administration of justice."

■ The question is whether the trial court abused its discretion in granting the motion. Unless there is a clear abuse of discretion and a miscarriage of justice, a reviewing court will not substitute its opinion for that of the trial court. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 331 [216 Cal.Rptr. 718, 703 P.2d 58].)

Plaintiffs point to *Denham* v. *Superior Court* (1970) 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193], in which the Supreme Court upheld the trial court's refusal to dismiss an action. *Denham* does not aid plaintiffs. *Denham* is in fact an example of the rule that "The exercise of the trial court's discretion will be disturbed only for clear abuse . . . ." (*Id.* at p. 564.)

In order to obtain a discretionary dismissal, the moving party is not required to show actual prejudice stemming from the delay in prosecution. (*Blank* v. *Kirwan*, *supra*, 39 Cal.3d at p. 332.) "Moreover, courts hold that prejudice *inheres* in cases like this one, where long delay inevitably results in dimmed memories and lost witnesses." (*Freedman* v. *Pacific Gas & Electric Co.* (1987) 196 Cal.App.3d 696, 712 [242 Cal.Rptr. 8].)

Earlier appellate court cases placed the burden on the moving party to establish that there was "some prejudice *or* the presence of factors enumerated in the California Rules of Court which when viewed together militate in favor of dismissal, . . ." (*San Ramon Valley Unified School Dist.* v. *Wheatley-Jacobsen, Inc.* (1985) 175 Cal.App.3d 1050, 1057 [221 Cal.Rptr. 342], italics added.) Even so, we must on this appeal presume the ruling of the trial court is correct. Further, the trial court is not required to explicitly state its reasons for granting the motion. Assuming a basis for granting the motion in the first place, "the burden shifts to the plaintiff to show excusable delay." (*Ibid.*)

■ There is nothing in the record that would indicate that the plaintiffs had seriously advanced this case to trial for the four-plus years that intervened between the filing of the complaint and the filing of the motion to dismiss. There was no showing in plaintiffs' untimely opposition to the motion to dismiss that there was an excuse for their lack of activity. There is nothing advanced by plaintiffs in their brief that explains their inactivity. Based upon the standard provided by the Supreme Court in *Kirwan* and based upon the failure of the plaintiffs to provide any rationale for excusable delay, there is no showing the trial court abused its discretion.

## II. *Setting Trial Date Within Five Years*

As a result of the case management conference on August 12, 1994, the trial court set a trial date. Plaintiffs argue that the setting of the trial date within five years of the filing of the complaint somehow prevents the trial court from granting a discretionary dismissal. Plaintiffs take the position that the setting of the trial date establishes that the trial court was "satisfied with the appellant's [*sic*] due diligence." We disagree.

The record of the case management proceedings consists of a minute order indicating that the court followed a form for setting the trial along with three other hearings: a mandatory settlement conference, a trial management conference, and a trial readiness calendar hearing. The case management conference is a routine hearing.

The trial court had previously set on August 12 an order to show cause (OSC) concerning dismissal of the action. The trial court then vacated the OSC and set the dismissal for hearing at the case management conference. The court also required that each party file a case management conference questionnaire. The State's attorney filed the required questionnaire on August 4, 1994, and announced: "I expect to file the following pretrial motions: Motion to dismiss for failure to prosecute . . . ." With this background the trial court handled the case management conference in a routine fashion, setting four standard hearing dates, including the trial date. By that time, the court had been informed that one of the parties intended to litigate the issue of the failure to prosecute the action in a subsequent hearing.

With this record must we give relief to the plaintiffs? Does the setting of the matter for trial somehow constitute a waiver which enures to the benefit of the plaintiffs? Is the court now "estopped" to grant the motion to dismiss? We think not.

The appellate court was confronted with a similar argument in *Gunner* v. *Van Ness Garage* (1957) 150 Cal.App.2d 345 [310 P.2d 32]. There the plaintiff sought to excuse her failure to prosecute by the fact that the case had been set for trial. The appellate court found that fact immaterial. The court even went so far as to opine that tardiness in making the motion to dismiss does not excuse the failure to prosecute. (*Id.* at p. 348.) This is good law that was handed down in 1957. The reason for the rule is even stronger in today's judicial climate.

Trial courts routinely set matters for trial without regard for issues such as the motion to dismiss for failure to prosecute. The Legislature has charged the courts with the duty of actively managing cases and moving calendars along. The fast track rules implementing the legislative mandate also direct

the trial courts to process these matters expeditiously. Trial judges, in accordance with the legislative purpose, will routinely set matters as quickly as their calendars and good management will allow. At such routine hearings, the courts cannot be expected to process extraneous matters. The question whether a case meets the criteria for dismissal is simply not before the court unless brought expressly to the court's and counsel's attention. The trial court does possess the power to dismiss on its own motion. (Code Civ. Proc., § 583.410.) The existence of the power does not force the court to exercise it at any particular time, nor does it mean that the court is forced to address the issue at routine case management conferences. We are unwilling to promulgate a rule which would put this additional burden on trial court judges.

As the State points out in its brief, many cases have been dismissed for failure to prosecute even when the case could be set within the five-year statutory time period. Indeed, the issue arises frequently when a motion to specially set the matter for trial has been made. In *Curtin* v. *Koskey* (1991) 231 Cal.App.3d 873 [282 Cal.Rptr. 706], the court granted a motion for a preferential trial setting. Six weeks later a different judge granted a motion to dismiss for failure to prosecute. The appellate court reversed, holding that the later motion should have been heard by the same judge that heard the first motion. The court noted that the first judge had considered the reasons for the special setting—including the issues implicated by failure to prosecute—and thus its order was not subject to reversal by another judge of the same court. By contrast, the trial court in a routine trial setting context does not pass upon those issues. It follows that the routine setting of a case for trial, as opposed to a special motion for preferential setting, does not tie the hands of the court in its subsequent ruling on a motion to dismiss.

## DISPOSITION

For the reasons set forth, the judgment is affirmed.

Richli, Acting P. J., and McDaniel, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.