Filed 3/5/13  Misuraca v. Lyons CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| MALCOLM A. MISURACA,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>DAVID LYONS et al.<br><br>Defendants and Respondents. | A133378, A135026<br><br>(Marin County Super. Ct.<br> No. CIV 063033) |

Malcolm A. Misuraca, proceeding in propria persona here and below, appeals from orders of the trial court dismissing his suit against defendants David and Phyllis Lyons (the Lyons), because it had not come to trial within five years from the time it was filed, and awarding attorney's fees to the Lyons.  We find no merit in Misuraca's arguments that the trial court should have estopped the Lyons from seeking dismissal and that the court abused its discretion in ordering the dismissal.  Accordingly, we affirm the dismissal of Misuraca's suit against the Lyons.  Because Misuraca's request for reversal of the award of attorney's fees is dependent on reversal of the dismissal, we also affirm the award of attorney's fees.

## BACKGROUND

In July 2006, Misuraca filed suit to recover $57,451.61 in allegedly unpaid attorney's fees and costs from the Lyons and from Nacio Systems, Inc. (Nacio), which had allegedly guaranteed payment on behalf of Lyons.  Lyons cross-complained against Nacio for indemnity.  Nacio filed a cross-complaint against the Lyons for indemnity,

1

contribution and for damages for malfeasance in office, fraud, and wrongful conversion of corporate assets.

Nacio filed for bankruptcy and, in February 2008, filed a notice of an automatic stay in the superior court. The notice of stay stated that it applies to the parties "Nacio Systems, Inc., a Nevada corporation, David Lyons, [and] Phyllis Lyons."

In a December 19, 2008 case management statement, Nacio stated, in regard to when it would not be available for trial: "Case is subject to Bankruptcy Court stay for Nacio Systems (Nevada) and by court and counsel's agreement is stayed as to all parties pending bankruptcy resolution due to central position Nacio Nevada plays in the proceedings." Nacio stated this again in its March 24, 2009 case management statement, but moved it to the "Other Issues" section as an additional matter to be considered or determined at the case management conference.

In a March 3, 2010 case management statement, the Lyons stated in their description of the case: "Parties in this action continue to be subject to the Bankruptcy automatic stay."

In a February 16, 2011 case management statement, the Lyons stated in their description of the case: "Misuraca is stayed from proceeding against Nacio in the main action. Likewise, the Lyons are stayed from proceeding against Nacio in its cross-complaint for indemnification. However, Nacio's cross-complaint against the Lyons . . . for contribution, malfeasance, conversion of corp. assets, etc., is not stayed. The Bankruptcy trustee has not indicated how it intends to proceed. However, Misuraca & Lyons cannot prosecute their complaint and cross-complaint with Nacio as a party." In the section concerning trial date, they stated: "Misuraca's main action and the Lyons cross-complaint cannot be prosecuted as long as Nacio's bankruptcy is pending & remains a party."

2

In July 2011, the Lyons filed a motion, pursuant to Code of Civil Procedure section 583.310 et seq.,[1] to dismiss Misuraca's complaint because five years had passed since Misuraca filed the action. They argued that because a bankruptcy stay protects only the debtor, and not related third parties, Misuraca was obligated to prosecute his case against them, but had failed to do so.

Misuraca opposed the Lyons' motion, arguing that the Lyons were mistaken "that a stay for one defendant in California litigation obligates the plaintiff to seek to bring the rest of the defendants to trial within five years."

The court dismissed Misuraca's complaint against the Lyons on August 29, 2011, finding that Misuraca had failed to establish the existence of impossibility, impracticability, or futility preventing him from bringing the case to trial within five years. Misuraca timely appealed. The trial court subsequently awarded attorney's fees to the Lyons, pursuant to Civil Code section 1717. Misuraca filed a second appeal, requesting that we reverse the grant of attorney's fees if we reverse the dismissal of his case against the Lyons.

## DISCUSSION

### I. *Legal Background and Standard of Review*

Section 583.310 provides: "An action shall be brought to trial within five years after the action is commenced against the defendant." In computing this five-year period, time may be excluded for the following reasons: (1) "jurisdiction of the court to try the action was suspended"; (2) "[p]rosecution or trial of the action was stayed or enjoined"; and (3) "[b]ringing the action to trial, for any reason, was impossible, impracticable, or futile." (§ 583.340.)

The provision allowing exclusion of time for impossibility, impracticability, or futility "must be liberally construed, consistent with the policy favoring trial on the merits." (*De Santiago v. D &G Plumbing, Inc.* (2007) 155 Cal.App.4th 365, 371.) "The determination 'of whether the prosecution of an action was indeed impossible,

___

[1] Unless otherwise indicated, all code references hereafter are to the Code of Civil Procedure.

impracticable, or futile during any period of time, and hence, the determination of whether the impossibility exception to the five-year statute applies, is a matter within the trial court's discretion. Such determination will not be disturbed on appeal unless an abuse of discretion is shown. [Citations.]' " (*Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1271.)

## II. *Misuraca's Claim of Estoppel*

Misuraca claims that the Lyons and Nacio led the trial court into error by claiming, for five years, that Nacio's bankruptcy stay applied to Misuraca's action against the Lyons, and then, when the five-year period for bringing his suit to trial had passed, changing their representations to the court and moving for dismissal. Because of the Lyons' alleged misrepresentations to the court, Misuraca argues that they should be estopped from seeking dismissal under section 583.310. As evidence of the alleged misrepresentation, Misuraca cites the passages, quoted above, from the notice of stay and case management statements.

"The doctrine of equitable estoppel is applicable to section 583.310 dismissal motions. [Citations.] If a trial court finds statements or conduct by a defendant which lulls the plaintiff into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel must be available to prevent defendant from profiting from his deception." (*Tejada v. Blas* (1987) 196 Cal.App.3d 1335, 1341.)

Misuraca undermines his case for estoppel by conceding that, even if the Lyons made the misrepresentations he alleges, he did not accept them.[2] Because Misuraca believed that the bankruptcy stay did not apply to his action against the Lyons, he cannot attribute inaction on his part to the Lyons' alleged misrepresentations.

However, Misuraca's actual claim is that the Lyons misled the court, not him. The problem for Misuraca is that he fails to explain what actions the court took, adverse to him, that were the result of the alleged misrepresentations. During the five years the case

---

[2] Misuraca asserts that he "disputed the claim that the bankruptcy stay applied to the Lyons . . . ."

was on the docket, the court did routinely continue case management conferences a few months at a time, but Misuraca does not argue that he opposed these continuances.

As the court in *Lane v. Newport Bldg. Corp.* (1986) 176 Cal.App.3d 870, 874-875 (*Lane*) noted, a plaintiff in Misuraca's position has a number of avenues by which he might preserve his rights:  "(1) apprising the trial court at the mandatory settlement conference of the problem presented by [the] bankruptcy stay; (2) moving the court or proposing a stipulation to stay the entire action, pending the outcome of the bankruptcy proceeding; (3) proposing a stipulation to extend the time within which the action must be brought to trial [citation]; (4) moving the court to specially set the entire action for trial prior to the expiration of the five-year period pursuant to rule 375(b) of the California Rules of Court [citation]; (5) moving the court to sever the causes pertaining to [the defendant in bankruptcy proceedings] [citation] and proceeding to trial on the remaining causes against respondents; or (6) seeking relief from the stay as to [the defendant in bankruptcy proceedings] in bankruptcy court.  [Citation.]"  Misuraca did none of these things and was not prevented from doing so by the alleged misrepresentations of the Lyons.  Accordingly, we reject Misuraca's argument that the Lyons should be estopped from seeking to enforce the five-year period for bringing the suit to trial.

### III. *The Five-Year Period for Bringing Misuraca's Suit to Trial*

Because Nacio was involved in bankruptcy proceedings and a notice of stay was filed with the court, the five-year period for bringing to trial Misuraca's suit against Nacio was tolled.  However, "the general rule is that bankruptcy stays only toll the five-year period as to the bankrupt."  (*Santa Monica Hospital Medical Center v. Superior Court* (1988) 203 Cal.App.3d 1026, 1036.)  Thus, unless some other factor operated to make it impossible, impracticable, or futile for Misuraca to prosecute his suit against the Lyons, that suit exceeded the five-year statutory period and there was no abuse of discretion by the trial court when it dismissed the suit.

Nevertheless, Misuraca argues:  "The California Supreme Court has for many decades disapproved severing claims against two or more defendants to bring a case to

5

trial against one within five years. There is one five-year statute for each case, not one for each defendant." In support of this argument, Misuraca cites *Brunzell Constr. Co. v. Wagner* (1970) 2 Cal.3d 545, 553-554 (*Brunzell*): "In many situations in which it is impossible or impracticable to proceed against one codefendant it may be impracticable, in terms of the burden both to the parties and to judicial administration as a whole, to proceed against other defendants in a separate suit. To require a plaintiff to sever causes of action against multiple defendants *whenever* it becomes impossible or impracticable to proceed against one defendant within the five-year period would be to require unproductive duplication of effort, compel the incurrence of excessive expense, and generally undermine all the policies served by modern theories of consolidation in a substantial number of cases."[3]

"The lesson that we learn from *Brunzell* . . . as applicable here, is that whether it is impracticable to bring a case to trial against a particular defendant depends on the circumstances of the particular case and 'practical realities' . . . ." (*Dowling v. Farmers Ins. Exchange* (2012) 208 Cal.App.4th 685, 699.) *Brunzell* did not involve a stay for bankruptcy proceedings, which do not present a compelling case for consideration of the concerns expressed by the *Brunzell* court. As one court expressed it: "Appellants' further argument that it would be impractical or futile to proceed to trial without [the defendant in bankruptcy proceedings] ignores the fact that the bankruptcy might effectively result in the discharge of any claims appellants might have against [that defendant]. [Citation.] Thus, appellants fail to demonstrate that they would ever be in a position to prove their alleged causes of action against [that defendant] after termination of the bankruptcy proceeding." (*Lane*, *supra*, 176 Cal.App.3d at p. 875.)

In *Lane*, the plaintiffs filed a complaint against multiple defendants. (*Lane*, *supra*, 176 Cal.App.3d at p. 872.) The defendants answered and filed a cross-complaint against a third-party, who was subsequently substituted as a named defendant for "DOE II" in the complaint. (*Ibid*.) The third-party defendant then filed for bankruptcy and the

---

[3] Misuraca misattributes the quoted passage to *Christin v. Superior Court* (1937) 9 Cal.2d 526 and omits the first, limiting sentence.

bankruptcy court issued an automatic stay order. (*Ibid.*) More than five years after the suit was originally filed, the original defendants filed a motion to dismiss the action, which the trial court granted, because the suit had not yet come to trial. (*Id.* at p. 873.) The plaintiffs appealed, claiming that it was impractical and futile for them to bring the action to trial within five years because one of the defendants, a necessary party, was in bankruptcy. (*Ibid.*) As noted above, the *Lane* court rejected the plaintiffs' argument and found no abuse of discretion on the part of the trial court. (*Id.* at p. 875.)

Here, Misuraca is positioned similarly to the plaintiffs in *Lane*. Unlike the plaintiffs in *Lane*, he does not argue that it was impossible, impractical or futile for him to proceed separately against the Lyons. Rather, he attempts to convince us that "[t]here is one five-year statute for each case, not one for each defendant." While this may be true as an abstract notion, the clear import of cases like *Lane* is that the five-year period may be tolled for some defendants but not for others.

Misuraca has not demonstrated that the trial court wrongly applied the law when it dismissed his case against the Lyons, nor has he shown that any of the factors that would toll the five-year period against the Lyons applied. The only feature of this case that would distinguish it from a case such as *Lane* is Misuraca's argument for estoppel, an argument we rejected above. Accordingly, we discern no abuse of discretion on the part of the trial court and affirm its order dismissing Misuraca's action against the Lyons.

**IV.** *The Award of Attorney's Fees to Lyons*

Misuraca's argument that we reverse the award of attorney's fees to the Lyons is dependent on our first concluding that the dismissal of his suit against the Lyons be reversed. Because we affirm the dismissal, we also affirm the award of attorney's fees.

**DISPOSITION**

The trial court's orders dismissing Misuraca's suit against the Lyons and granting the Lyons attorney's fees are affirmed.

7

                                        _____

                                        Lambden, J.

We concur:

_____

Haerle, Acting P.J.

_____

Richman, J.