Filed 11/20/13  Nguyen v. City of San Diego CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| TRANG DUY NGUYEN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF SAN DIEGO,<br><br>    Defendant and Respondent. | D062613<br><br><br><br>(Super. Ct. No. 37-2008-00088506-<br> CU-PT-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Frederic L. Link, Judge.  Affirmed.

Trang Duy Nguyen, in pro. per., for Plaintiff and Appellant.

Jan I. Goldsmith, City Attorney, Kathy J. Steinman, Deputy City Attorney for Defendant and Respondent.

Trang Duy Nguyen filed a petition in the superior court seeking relief from filing a late claim with the City of San Diego (City).  (Gov. Code, §§ 945.4, 946.6.)  Four years later, on its own motion, the court dismissed the petition for failure to prosecute.  (Code Civ. Proc., § 583.410.)  Nguyen appeals, challenging the signed dismissal order.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND[1]

In about May 2008, Nguyen filed a claim against the City, alleging he was falsely arrested nine years earlier, on September 29, 1999.  The City denied the claim because it was not presented within six months after the alleged wrongful conduct.  (See Gov. Code, §§ 901, 911.2.)  The City informed Nguyen that if he wished to pursue this matter he would need to apply "without delay" to the City for leave to present a late claim.

Less than one month later, on June 30, Nguyen sent a letter to the City requesting relief for filing a late claim.  In the letter, Nguyen stated that his failure to timely file his claim "was caused by my failure to understand or comprehend the system," but that he has "since sought legal advice and now better understand my responsibilities in this manner."  To explain his initial failure to understand his rights, Nguyen detailed his background, including that:  he had previously served as a Captain with the South Vietnamese Air Force during the Vietnam War; he came to the United States "with literally nothing"; he became a United States citizen in 1985; and he now speaks English and is highly regarded and respected by his friends, neighbors, family, and clients. Nguyen also stated that he was unaware he could bring a claim for the alleged false arrest because in his former country, "there is often no recourse against [police] actions."  He stated:  "Having been a military man for many years, and a law abiding citizen for my entire life, it is ingrained in me to follow regulations.  If I had known the regulations, and

_____

[1]    Although Nguyen's appellate brief violates numerous appellate rules, including failing to provide any supporting factual citations (see Cal. Rules of Court, rule 8.204(a)(1)(C)), we will disregard these violations for purposes of this appeal.  However, we caution Nguyen that before filing any other appeal, he should familiarize himself with the applicable rules.

my right to complain about the way I was treated, I would have complied in a timely manner. It was not until very recently that I discovered that recourse was available to me."

About one week later, on July 8, 2008, the City denied Nguyen's application for leave to file a late claim. The City notified Nguyen that: "If you wish to file a court action on this matter, you must first petition [within six months] the appropriate court for an order relieving you from the provision of Government Code Section 945.4 (claims presentation requirement). See Government Code [section] 946.6." (Boldface omitted.) The City's letter also stated: "If you are not an attorney, you are advised that you may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately." (Boldface omitted.)

Less than one month later, on July 28, 2008, Nguyen filed a petition in the superior court seeking an order for relief from filing a late claim. (Gov. Code, § 946.6.) In the petition, Nguyen alleged that the court should grant the relief because his nine-year delay in filing his claim was based on "mistake, inadvertence, surprise or excusable neglect." In support, he cited to the reasons discussed in his June 30 letter (e.g., that he did not understand that he could bring an action for alleged improper arrest because this action would not have been permitted in his country of birth). Nguyen claimed that "A failure to [grant the relief] . . . would be an unwarranted prejudice against his race, ethnicity and cultural background."

There is no evidence in the record showing Nguyen served the City with the petition or that he took any action during the next four years to schedule a hearing on the petition or file any supporting papers.

On August 31, 2012, Nguyen appeared at a hearing on an order to show cause why the matter should not be dismissed for failure to prosecute. After the hearing, the court ordered the entire action dismissed without prejudice. In the signed minute order, the court stated that during the hearing the court informed Nguyen that his petition was being dismissed because "there has been no activity since the matter was filed on 07/28/08."

Nguyen appeals.

## DISCUSSION

A plaintiff must proceed with reasonable diligence in prosecuting a civil action (Code Civ. Proc., § 583.130), and a trial court has discretion to dismiss an action for delay in prosecution if doing so appears appropriate under the circumstances of the case. (Code Civ. Proc., § 583.410.) In ruling on a motion for discretionary dismissal, a trial court must consider the plaintiff's excuse for the delay and "all matters relevant to a proper determination of the motion," including the court file, the diligence of the parties, the nature and complexity of the case, the nature of any delays, the interests of justice, and any other fact or circumstance relevant to a fair determination of the issues. (Cal. Rules of Court, rule 3.1342(e); see *Van Keulen v. Cathay Pacific Airways, Ltd.* (2008) 162 Cal.App.4th 122, 130-131; see also *Wagner v. Rios* (1992) 4 Cal.App.4th 608, 611.)

In reviewing a discretionary dismissal, we must presume the trial court's order was correct, and it is the plaintiff's burden to overcome that presumption and establish an

4

abuse of discretion. (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443.) An abuse of discretion occurs only if the trial court's decision exceeds the bounds of reason. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 698.) Unless a clear case of abuse is shown and there has been a miscarriage of justice, we will not substitute our judgment for that of the trial court. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566; *Van Keulen v. Cathay Pacific Airways, Ltd., supra*, 162 Cal.App.4th at p. 131.)

In this case, the court found there was no activity on the case other than Nguyen filing his initial petition for relief and therefore the matter should be dismissed. This conclusion was appropriate. The failure to engage in any activity to prosecute a matter is a valid ground for dismissing an action. (See *Lopez v. State of California* (1996) 49 Cal.App.4th 1292, 1295.) Additionally, there was no showing Nguyen served his petition on the City. A court must dismiss a matter where the plaintiff did not serve the defendant within three years of filing the matter. (See Code Civ. Proc., §§ 583.210, subd. (a), 583.250.)

Nguyen argues he did not understand he was required to set a hearing on his petition for relief for filing a late claim, and believed it was the court's responsibility to set a date for the hearing. He asserts that because he believed it was the court's responsibility, he did nothing on the matter. However, the court had a reasonable basis to reject this asserted justification because in Nguyen's June 30 letter (attached to his superior court petition) Nguyen admitted that he had consulted with legal counsel, understood English, and was a successful businessman. Moreover, an individual's lack of

5

knowledge of applicable court procedures is not a valid excuse for the failure to prosecute a matter. Unrepresented litigants are held to the same standards as attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

Nguyen's reliance on *Lambert v. California* (1957) 355 U.S. 225 and *United States v. Mancuso* (2d Cir. 1970) 420 F.2d 556 is misplaced. These decisions carve out narrow exceptions to the general rule that ignorance of the law is no defense to a criminal charge. In both cases, the court held a person could not be criminally convicted for failing to register under unique circumstances where the defendant did not know and would not have reasonably known of the registration requirement. (*Lambert, supra*, at pp. 229-230; *Mancuso, supra*, at pp. 558-559.) Courts have repeatedly declined to expand the exception beyond the particular facts of these cases. (See *United States v. Meade* (1st Cir. 1999) 175 F.3d 215, 225-226; *United States v. Lamb* (N.D.N.Y. 1996) 945 F.Supp. 441, 454; see also *Texaco, Inc. v. Short* (1982) 454 U.S. 516, 537, fn. 33.) Because this is a civil case and concerns only a party's presumed knowledge of court rules, *Lambert and Mancuso* are inapplicable.

Additionally, because Nguyen did not supply us with a reporter's transcript of the hearing, we must presume the court's factual conclusions were supported. (*City of Chino v. Jackson* (2002) 97 Cal.App.4th 377, 385.) In the absence of a reporter's transcript of a hearing, we cannot evaluate issues requiring a factual analysis and must presume "the trial court acted duly and regularly and received substantial evidence to support its findings." (*Stevens v. Stevens* (1954) 129 Cal.App.2d 19, 20; see *Pringle v. La Chapelle*

6

(1999) 73 Cal.App.4th 1000, 1003.) There was substantial evidence to support the court's conclusions that Nguyen's asserted justifications for the four-year delay were unreasonable and not a sufficient ground for relief.

Nguyen suggests the court should have granted him relief from default under Code of Civil Procedure section 473, subdivision (b). However, he never brought a motion under this statute in the proceedings below. Moreover, there is no showing of any mistake, inadvertence, surprise or excusable neglect that would support vacating the dismissal under section 473, subdivision (b). Nguyen's claimed lack of knowledge of California court procedures is not a basis for relief under this code section. (See *Goodson v. The Bogerts, Inc.* (1967) 252 Cal.App.2d 32, 40 [if a party voluntarily chooses to represent himself, "alleged ignorance of legal matters or failure to properly represent himself can hardly constitute 'mistake, inadvertence, surprise or excusable neglect' as those terms are used in section 473"].)

## DISPOSITION

Affirmed. Appellant to bear respondent's costs on appeal.

HALLER, J.

WE CONCUR:

BENKE, Acting P. J.

McDONALD, J.