Filed 4/28/14  Cardiel v. Marquez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| FLORENCIO VARGAS CARDIEL et al., | |
| Plaintiffs and Appellants, | E056656 |
| v. | (Super.Ct.No. RIC498572) |
| NICOLE MICHELLE MARQUEZ, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Paulette Durand-Barkley, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Law Offices of Robert P. Finn and Robert P. Finn for Plaintiffs and Appellants.

Brown Eassa & McLeod, Philip R. Cosgrove and Ryan E. Cosgrove for Defendant and Respondent.

1

I

INTRODUCTION

Plaintiffs[1] were injured in a car accident in May 2006.  Plaintiffs appeal from an order entered in May 2012, dismissing their case with prejudice for delay in prosecution. (Code Civ. Proc., § 583.420.)  After our deferential review, we conclude the trial court did not abuse its discretion in granting the motion to dismiss.  We affirm the trial court's ruling.

II

FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2008, plaintiffs filed a complaint for negligence against defendants Nicole Michelle Marquez and Daimler Chrysler Corporation.  Plaintiffs allege defendants caused a collision with plaintiffs' vehicle on May 5, 2006.  Plaintiffs' 1998 Chevrolet Astro Van was rearended by Marquez, driving a 2005 Jeep Cherokee.  Daimler Chrysler was a registered owner of the jeep.

In October 2008 and January 2009, the trial court conducted two case management conferences regarding plaintiffs' failure to serve defendants with the complaint.  Daimler Chrysler filed its answer on March 19, 2009.

A year after the complaint was filed, on May 4, 2009, plaintiffs filed an application for publication of summons and complaint for service on Marquez.  Plaintiffs had conducted a search but had not been able to locate an address for service of the

---

[1] Florencio Vargas Cardiel, Elba Diaz, Adrian Cardiel, Edgar Cardiel and Vanessa Cardiel.  Two minors are not parties to this appeal.

2

complaint. On May 28, 2009, at another case management conference, the court ordered an order to show cause hearing and sanctions of $150 for failure to serve Marquez. That hearing was vacated on October 23, 2009.

Daimler Chrysler filed a notice of bankruptcy stay on June 1, 2009. Plaintiffs were ordered to seek relief from the bankruptcy stay before an order to show cause hearing set for December 3, 2009, which was eventually continued to June 3, 2010.

On June 3, 2010, neither party appeared. The court issued orders to show cause regarding dismissal of the case because of the bankruptcy and the failure to prosecute. Another hearing was set for September 7, 2010. The various hearings were continued from September 7, 2010 to January 11, 2011, April 8, 2011, and July 12, 2011.

On February 10, 2011, plaintiffs filed proof of service by publication on Marquez. Marquez filed an answer on March 9, 2011. The minors' claims were settled on April 25, 2011.

At the hearing on July 12, 2011, the court ordered a private mediation to be completed by February 29, 2012. A trial setting conference was scheduled for April 2012. In their case management statement, plaintiffs claimed special medical damages of more than $93,000.

On March 8, 2012, Marquez filed a motion to dismiss for failure to prosecute because she was not served within two years of filing the complaint and the action was not brought to trial within three years. (Code Civ. Proc., § 583.320, subd. (a).) No mediation had been conducted in spite of persistent efforts by Marquez to have it

3

scheduled. Marquez argued plaintiffs had not been diligent and she was prejudiced by the delay.

Plaintiffs opposed the motion on the grounds of excusable neglect or inadvertence. (Code Civ. Proc., § 473.)[2] Plaintiffs' lawyer, Robert Finn, explained that, in January 2012, he discovered his legal secretary, Zulema Medrano, had been embezzling from him, hiding case files and documents, failing to calendar dates, and lying to him about the status of cases.[3] Finn generally blamed Medrano's conduct for the failure to prosecute plaintiffs' claims without specifically describing how she caused the delay. The case was also delayed by the Daimler Chrysler bankruptcy.

On April 5, 2012, the court granted Marquez's motions to compel discovery and made two awards of sanctions in the amount of $740 against plaintiffs who ultimately submitted late discovery responses. On April 30, 2012, the court granted Marquez's motion to dismiss for failure to prosecute. The case was dismissed on May 17, 2012, more than four years after it was filed.

---

[2] Plaintiffs properly cease to rely on Code of Civil Procedure section 473 in their appellate briefs.

[3] We acknowledge plaintiffs' contention that Medrano committed criminal acts. But we decline to take judicial notice of the felony complaint in *People v. Medrano*, case No. FWV1300031. The complaint, which was filed in January 2013, was never presented to the trial court and it is irrelevant to the issue of whether the trial court abused its discretion in granting the motion to dismiss. (Evid. Code, §§ 350 and 450; *Bialo v. Western Mutual Ins. Co.* (2002) 95 Cal.App.4th 68, 73.) Plaintiffs' request for judicial notice is denied.

III

DISCRETIONARY DISMISSAL

Defendant, as the moving party, has the burden to show that a discretionary dismissal is warranted. Defendant meets this burden by "a showing of some prejudice or the presence of factors enumerated in the California Rules of Court which when viewed together militate in favor of dismissal, . . . the burden shifts to the plaintiff to show excusable delay." (*San Ramon Valley Unified School Dist. v. Wheatley-Jacobsen, Inc.* (1985) 175 Cal.App.3d 1050, 1057; *Lopez v. State of California* (1996) 49 Cal.App.4th 1292, 1295; *Putnam v. Clague* (1992) 3 Cal.App.4th 542, 547.) The plaintiff's burden to justify delay requires a specific showing of particular facts and events constituting an excuse. (*Longshore v. Pine* (1986) 176 Cal.App.3d 731, 737.)

The trial court has broad discretion in determining the reasonableness of plaintiff's excuse for delay. (*Lopez v. State of California, supra,* 49 Cal.App.4th at p. 1295; *White v. Mortgage Finance Corp.* (1983) 142 Cal.App.3d 770, 774-775.) Our review is limited to the question whether the trial court abused its discretion in ruling on the motion to dismiss. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) We defer to the factual determinations made by the trial court. (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 479.)

The relevant factors, enumerated in California Rules of Court, rule 3.1342(e), that the trial court is required to consider in connection with a motion for discretionary dismissal include the entire case file and the parties' submissions; the difficulty in serving defendant; plaintiff's diligence in effecting service on defendant; the effect of settlement

5

negotiations; plaintiff's diligence in pursuing discovery or other pretrial proceedings; the nature and complexity of the case; the nature of any extension or other delay attributable to the defendant; the interests of justice served by dismissing the action or allowing it to proceed to trial, or by imposing conditions on such dismissal or trial; and any other fact or circumstance relevant to a fair determination of the issue.

In applying these factors to the present facts, we conclude plaintiffs have not made the necessary showing of reasonable delay. It took two years and nine months for plaintiffs to serve Marquez. During that time, plaintiffs did not act with reasonable diligence, especially for the one year and nine months between May 2009 (filing of application for publication of summons) and February 2011 (filing of proof of service by publication). Even after serving Marquez, plaintiffs did not participate in the mediation ordered to be completed by February 2012 or timely respond to supplemental discovery, causing them to be sanctioned by the court. The case was four years old when the motion to dismiss was granted in April 2012. No showing was made that plaintiffs acted with reasonable diligence throughout the entire period of time the case has been pending. (*Corlett v. Gordon* (1980) 106 Cal.App.3d 1005, 1013; *Lopez v. State of California, supra*, 49 Cal.4th at p. 1295.)

Although the office problems of a plaintiff's lawyer may be considered a reasonable excuse for delay in prosecution, it is only one factor to be considered by the court. (*Farrant v. Casas De La Senda Homeowners Assn.* (1985) 170 Cal.App.3d 221, 226.) The California Rules of Professional Conduct, rule 3-110, make a lawyer responsible for the work of his employees. (*Crane v. State Bar of California* (1981) 30

6

Cal.3d 117, 123; *Trousil v. State Bar* (1985) 38 Cal.3d 337, 342.) Furthermore, plaintiffs' lawyer did not offer the trial court any specific explanation about how Medrano's embezzlement and other conduct was a reasonable cause for delay in prosecution.

Additionally, a bankruptcy stay against a codefendant does not usually excuse plaintiff's delay in bringing the action to trial against the other defendant. (*Lane v. Newport Bldg. Corp.* (1986) 176 Cal.App.3d 870, 8743, 445.) In this case, the bankruptcy stay only applied to Daimler Chrysler, not Marquez. There is no reason plaintiffs could not have proceeded against her and, in actuality, the case continued for more than 14 months after she was finally served.

Proof of prejudice to defendant is not essential for a discretionary dismissal. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 332.) But delay in effecting service is inherently prejudicial because witnesses' memories fade with the passage of time and a defendant is deprived of the opportunity to prepare a defense, to effect discovery, and to preserve essential evidence. (*Lopez v. State of California, supra,* 49 Cal.App.4th at p. 1295.) Since the accident, plaintiffs—whose address at the time was in Tijuana, Mexico—have apparently moved to Nebraska. Even if plaintiffs bear the increased costs of discovery for depositions and independent medical examinations, discovery may be more complicated and plaintiffs do not have a history of willing compliance.

In the case of an accident that occurred in May 2006, where defendant was not served until March 2011, and the case dismissed in April 2012, Marquez can certainly make a credible claim of prejudice in trying to defend claims that are now about eight

7

years old.  In view of the foregoing, there has been no showing of a manifest abuse of discretion by the trial court in granting the motion to dismiss.  (*Kuchins v. Hawes* (1990) 226 Cal.App.3d 535, 538.)

## IV

## DISPOSITON

Marquez was prejudiced by the delay in prosecution and plaintiffs did not show excusable delay.  We affirm the dismissal of plaintiffs' suit and order Marquez, the prevailing party to recover her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RICHLI
Acting P. J.

KING
J.

8