[No. B198388. Second Dist., Div. Three. Apr. 22, 2008.]

HENDRICK VAN KEULEN et al., Plaintiffs and Appellants, v.
CATHAY PACIFIC AIRWAYS, LTD., et al., Defendants and Respondents.

**COUNSEL**

Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, Kevin J. Leichter and Peter Scott for Plaintiffs and Appellants.

Morrison & Foerster and Sarvenaz Bahar for Defendants and Respondents.

**OPINION**

**CROSKEY, J.**—When a California plaintiff brings an action against a foreign defendant in a California court, the trial court does not possess the authority to *dismiss* the action on the basis of forum non conveniens. Instead, if the court determines California to be an inconvenient forum, the California court must *stay* the California action, in order to retain the ability to protect the California resident pending the resolution of the action in the foreign court. In this case, however, after the California court stayed the action on the basis of forum non conveniens, the California plaintiffs failed to file suit in the proper forum for over four years. The California court then granted the defendants' motion to dismiss the California action for failure to diligently prosecute. The California plaintiffs appeal. We hold that a trial court does have the discretionary authority to dismiss for failure to diligently prosecute an action stayed on forum non conveniens grounds. We also conclude that, in this case, the trial court did not abuse its discretion by so doing. We therefore affirm.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Hendrick Van Keulen and Damon Neich-Buckley (appellants) are former commercial airline pilots for Cathay Pacific Airways, Ltd. (Cathay).[1] Appellants were members of a labor organization known as the Hong Kong Aircrew Officers' Association (HKAOA), a registered trade union based in Hong Kong. In July 2001, members of the HKAOA circulated a "Maximum Safety Strategy," which recommended that its members strictly comply with the provisions of Cathay's operations manual. While the pilots characterized this as "a campaign of maximum safety" adopted out of concerns that Cathay's "safety standards would continue to erode," Cathay saw it as a work slowdown intended to disrupt Cathay's operations. In early July 2001, Cathay terminated the employment of 51 of its pilots, including appellants, in response to the implementation of the Maximum Safety Strategy.

The terminated pilots brought suit against Cathay, with some pilots choosing to pursue action in Hong Kong, while others brought suit in California. In fact, two suits were filed in Hong Kong and ultimately consolidated; the parties refer to those proceedings as the "Consolidated Actions." The California action is the instant case, which was filed on October 3, 2001, by nine plaintiffs, three of whom were California residents (including the two appellants) and six of whom were not.

---

[1] We use Cathay to collectively refer to Cathay Pacific Airways, Ltd., USA Basing, Ltd., and Veta, Ltd. The latter companies are wholly owned subsidiaries of the former.

Cathay moved to dismiss or stay the California action on the basis of forum non conveniens. In California, the action of a non-California resident may be dismissed on forum non conveniens grounds, but, barring extraordinary circumstances, the action of a California resident may only be stayed. (*Archibald v. Cinerama Hotels* (1976) 15 Cal.3d 853, 856, 858 [126 Cal.Rptr. 811, 544 P.2d 947].) This is necessary so that the California court can " 'protect . . . the interests of the California resident pending the final decision of the foreign court.' " (*Id.* at p. 857.) In this case, the trial court found Hong Kong to be a suitable alternative forum and further found "that the balance of public and private interest factors compels the conclusion that California is an inconvenient forum for this action." Therefore, on December 14, 2001, the trial court dismissed the action with respect to the non-California plaintiffs and stayed it with respect to the three California plaintiffs. One of the California plaintiffs subsequently settled his dispute with Cathay, and is no longer a party to this case. The two remaining plaintiffs, appellants here, assert that they "immediately contacted" Haldanes Solicitors, the attorneys in Hong Kong retained by HKAOA to pursue the Consolidated Actions, "to ask" that they be joined as plaintiffs. Appellants would subsequently state that they were "assured that Haldanes Solicitors . . . [were] acting on [their] behalf to prosecute the action."

In the meantime, all nine of the plaintiffs in the California action appealed from the trial court's order dismissing and staying the action. On November 14, 2002, we filed our opinion affirming the trial court's order in its entirety.[2] (*Van Keulen v. Cathay Pacific* (Nov. 14, 2002, B155395) [nonpub opn.].) The Supreme Court denied review on March 19, 2003.

Time passed. In December 2004, Haldanes Solicitors "negotiated a settlement with Cathay, without [appellants'] input, and withdrew from representing [appellants] altogether on conflict of interest grounds when [they] refused to accept the settlement Cathay offered." Apparently, some of the plaintiffs in the Consolidated Actions also declined to accept the settlement, so the Consolidated Actions were not themselves dismissed. Appellants, and the

---

[2] In the course of our opinion on the appeal, we "question[ed] the bona fides of the claimed California residency of [the] three plaintiffs who now purport to call California home." (*Van Keulen v. Cathay Pacific, supra,* B155395.) As it appeared that those plaintiffs were not California residents at the time that their claim arose, but subsequently became California residents prior to the time suit was filed, "serious issues as to forum shopping" had been raised. (*Ibid.*) In light of our comments, Cathay returned to the trial court and sought an order dismissing the action of the California plaintiffs, apparently on the basis of law of the case. On January 8, 2004, the trial court denied the motion, noting that Cathay had failed to cross-appeal that portion of the order staying, rather than dismissing, the action of the California plaintiffs. The court suggested, however, that Cathay "may request [the trial court] to dismiss the action on other grounds but [it has] not done so."

remaining Consolidated Action plaintiffs, did not obtain new representation in Hong Kong until July 27, 2005.

At a September 27, 2005 status conference in the instant action, the court was advised that "the two remaining [p]laintiffs still have not joined in [the] pending Hong Kong case." That same day, appellants' Hong Kong counsel wrote Cathay's Hong Kong counsel, asking if Cathay would object if appellants applied to join the Consolidated Actions. The following day, Hong Kong counsel for Cathay wrote Hong Kong counsel for appellants, stating that Cathay "will not oppose" any such application. Appellants, however, did not apply to join the Consolidated Actions.

On January 4, 2006, Hong Kong counsel for Cathay wrote Hong Kong counsel for appellants inquiring as to appellants' status. Cathay's counsel asked, "Are these individuals to join the proceedings in Hong Kong or not? We feel you and they have had adequate time to make a decision on this and our clients are entitled to know where they stand." On January 20, 2006, appellants' Hong Kong counsel responded, "To deal with the matter expeditiously, we shall, subject to our clients' final approval, commence fresh actions in the Hong Kong Court for the same claims . . . . The new action will then be consolidated with the current ones."

On February 13, 2006, appellants filed a new action against Cathay in Hong Kong.[3] (The parties refer to this action as the "Hong Kong Action.") Appellants neither applied to be joined as plaintiffs in the Consolidated Actions, nor attempted to consolidate the Hong Kong Action with the Consolidated Actions.

Thereafter, Cathay then moved to lift the stay and dismiss the instant action with prejudice. On November 16, 2006, the trial court denied the motion, but granted leave for Cathay to file a motion for reconsideration of the December 14, 2001 order staying appellants' action, based on new or different facts.

On December 18, 2006, Cathay brought the motion for reconsideration. Cathay argued appellants' action should be dismissed, rather than stayed, on three grounds: first, Cathay noted that Van Keulen was no longer a California

---

[3] A letter from appellants' Hong Kong counsel to Cathay's Hong Kong counsel states that the date was chosen in order to comply "with the time limit in the US proceedings." Appellants' Hong Kong attorneys stated that they "were informed by our clients' US attorney that we have to issue and serve the Writ on or before 14th February, 2006, and we have done so." The parties offer no explanation for this deadline. However, the superior court docket sheet indicates a "Further Status Conference (& OSC RE DISMISSAL)" for that date.

resident (and, in fact, lived in Hong Kong), which Cathay argued eliminated the need for the California action to remain stayed as to him; second, Cathay argued that since both appellants had now brought suit in Hong Kong, which had been determined to be a suitable forum, there was no need for the California action to remain; and third, Cathay argued that both appellants had not been diligent in pursuing their action in Hong Kong, rendering them undeserving of the California courts' protection. Cathay submitted the declaration of its Hong Kong counsel to the effect that discovery in the Consolidated Actions is complete, and an eventual consolidation of the Hong Kong Action with the Consolidated Actions will inevitably delay the proceedings. He further stated that Cathay, at all times, was willing to consent to appellants' joinder in the Consolidated Actions.

In opposition, appellants argued that appellant Van Keulen's current residence was irrelevant as long as he was a California resident at the time his claim arose. As such, appellants argued, Van Keulen was entitled to have the California action stayed until the final resolution of the Hong Kong Action. As to the issue of diligence, appellants argued that Cathay had not offered any legal basis that a lack of diligence would justify dismissal of an action stayed on forum non conveniens grounds. Further, they argued that they had been diligent in immediately requesting Haldanes Solicitors to join them as plaintiffs in the Consolidated Actions, and that once Haldanes Solicitors ceased representing them, they were diligent in obtaining new counsel and subsequently filing the Hong Kong Action. In reply, Cathay identified Code of Civil Procedure section 583.130 and the related discretionary dismissal statutes as providing a legal basis for a dismissal based on appellants' lack of diligence in pursuing the Hong Kong Action.

At the hearing on the motion, appellants argued that any lack of diligence was the result of their Hong Kong attorneys—particularly the Haldanes Solicitors—and not appellants themselves. Appellants again argued that there is no legal authority to dismiss a case in the current procedural posture for lack of diligence in pursuing the foreign action. The trial court disagreed, stating that while the law generally requires the action of a California plaintiff to be stayed, rather than dismissed, for forum non conveniens, the court is not required to blindly keep a stayed action going indefinitely when the California plaintiff is not diligently pursuing its action in the proper forum.

The trial court granted the motion and dismissed the action with prejudice. As to the appellant Van Keulen, the court concluded that his current Hong Kong residency eliminates California's interest in retaining jurisdiction in order to protect him as a California resident. As to both appellants, the court

concluded that they had failed to establish they had acted with reasonable diligence in pursuing Cathay in Hong Kong. The court concluded that "[e]ven though California has a public policy interest in the matter, it is outweighed by the lack of diligence and the Court dismisses on the grounds that [appellants] have not acted with reasonable diligence." Appellants filed a timely notice of appeal.

## ISSUES ON APPEAL

On appeal, appellants initially argued only that, as a factual matter, they exercised reasonable diligence in pursuing the Hong Kong action.[4] We requested additional briefing on the issue of whether the trial court possessed discretion to dismiss the stayed California action for failure to diligently prosecute the Hong Kong action. The parties briefed the issue, and presented argument on it, and we now conclude the trial court did possess that discretion. We further conclude the trial court did not abuse its discretion in this case, and therefore affirm.

## DISCUSSION

1. *The Trial Court Has the Discretionary Authority to Dismiss for Failure to Diligently Prosecute an Action Stayed on Forum Non Conveniens Grounds*

■ Except in extraordinary cases, a trial court has no jurisdiction to dismiss an action brought by a California resident on the grounds of forum non conveniens. (*Archibald v. Cinerama Hotels, supra*, 15 Cal.3d at p. 858.) "This limitation of the *forum non conveniens* doctrine does not rest on any conclusion derived from a balancing of conveniences; it reflects an overriding state policy of assuring California residents an adequate forum for the redress of grievances." (*Id.* at p. 859.) When the trial court stays the action, rather than dismissing it, the court retains jurisdiction to " 'compel the foreign [party] to cooperate in bringing about a fair and speedy hearing in the foreign forum; it can resume proceedings if the foreign action is unreasonably delayed or fails to reach a resolution on the merits. . . . In short, the staying court can protect . . . the interests of the California resident pending the final decision of the foreign court.' " (*Id.* at p. 857.) In light of the policy of

---

[4] Appellants also argued that appellant Van Keulen's change in residency did not provide a basis for dismissing the action on forum non conveniens grounds. We need not address the issue raised by Van Keulen's change in residency as we conclude the trial court did not abuse its discretion in concluding that appellants did not exercise reasonable diligence in pursuing their claims against Cathay in Hong Kong.

assuring an adequate forum for the California resident, "the exceptional case which justifies the dismissal of a suit under the doctrine of *forum non conveniens* is one in which California cannot provide an adequate forum or has no interest in doing so." (*Id.* at p. 859, fn. omitted.)

The question raised by this case is whether California no longer has an interest in providing an adequate forum for a California resident, in an action stayed on forum non conveniens grounds, when that resident has not prosecuted the foreign action with reasonable diligence. Code of Civil Procedure section 583.130 provides, in pertinent part, "It is the policy of the state that a plaintiff shall proceed with reasonable diligence in the prosecution of an action . . . . Except as otherwise provided by statute or by rule of court adopted pursuant to statute, . . . the policy favoring trial or other disposition of an action on the merits [is] generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter." Code of Civil Procedure section 583.410, subdivision (a), provides, "The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or motion of the defendant if to do so appears to the court appropriate under the circumstances of the case."

In other words, while California's policy *favors* trial on the merits, there comes a time when that policy is overridden by California's policy requiring dismissal for failure to prosecute with reasonable diligence. As this is true for *any* action prosecuted in California courts, it must be true for an action initially filed in California court but stayed on forum non conveniens grounds. In short, California's interest in assuring an adequate forum for a California plaintiff is not absolute, and can be overcome when the plaintiff is unreasonably dilatory in prosecuting the action in the convenient forum. If, by a California plaintiff's lack of reasonable diligence in prosecuting its action, California has lost its interest in providing an adequate forum, an action originally stayed on forum non conveniens grounds may therefore be dismissed.

### 2. *The Trial Court Did Not Abuse Its Discretion in Dismissing the Action in This Case*

We next consider whether, under the facts of this case, the trial court erred in concluding that appellants were so unreasonably dilatory in prosecuting Cathay in Hong Kong that California lost its interest in providing an adequate forum for them. The California Rules of Court provide that in ruling on a motion for discretionary dismissal, "the court must consider all matters

relevant to a proper determination of the motion, including: [¶] (1) The court's file in the case and the declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; [¶] (2) The diligence in seeking to effect service of process; [¶] (3) The extent to which the parties engaged in any settlement negotiations or discussion; [¶] (4) The diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; [¶] (5) The nature and complexity of the case; [¶] (6) The law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; [¶] (7) The nature of any extensions of time or other delay attributable to either party; [¶] (8) The condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; [¶] (9) Whether the interests of justice are best served by dismissal or trial of the case; and [¶] (10) Any other fact or circumstance relevant to a fair determination of the issue." (Cal. Rules of Court, rule 3.1342(e).)

█ "The competing considerations to be evaluated are the policies of discouraging stale claims and compelling reasonable diligence balanced against the strong public policy which seeks to dispose of litigation on the merits rather than on procedural grounds." (*Terzian v. County of Ventura* (1994) 24 Cal.App.4th 78, 82–83 [28 Cal.Rptr.2d 809].) "However, it is now well established that the policy [of preferring to dispose litigation on the merits] only comes into play when a plaintiff makes a showing of some excusable delay." (*Ladd v. Dart Equipment Corp.* (1991) 230 Cal.App.3d 1088, 1104 [281 Cal.Rptr. 813].)

"A reviewing court may not reverse a trial court's order granting dismissal for dilatory prosecution unless the plaintiff meets the burden of establishing manifest abuse of discretion resulting in a miscarriage of justice. [Citations.] An appellate court may not substitute its own discretion for that of the trial court and must uphold the dismissal order if the trial court has not abused its discretion." (*Terzian v. County of Ventura, supra*, 24 Cal.App.4th at p. 83.)

In this case, on December 14, 2001, the trial court concluded Hong Kong was the appropriate forum for this action, and stayed appellants' suit. Appellants did not join the Consolidated Actions already pending against Cathay in Hong Kong, nor did they bring their own suit, until February 13, 2006, over four years later.

Nearly all of the factors set forth in California Rules of Court, rule 3.1342(e) weigh in favor of dismissal. The first factor is "[t]he court's file in

the case and the declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process." (*Ibid.*) Cathay was amenable to suit in Hong Kong during this time; indeed, the Consolidated Actions were already proceeding and appellants needed only to join them.

The second factor is the plaintiffs' "diligence in seeking to effect service" (Cal. Rules of Court, rule 3.1342(e)),which, in this context, we construe to mean the plaintiffs' diligence in seeking to pursue Cathay in Hong Kong. The *only* evidence of any sort of diligence to join the Consolidated Actions consists of appellants' declarations that they "immediately contacted Haldanes Solicitors in Hong Kong to ask that they join[] [appellants] to the [Consolidated Actions]." Appellants state that they were "assured that Haldanes Solicitors, retained by [HKAOA], [were] acting on [their] behalf to prosecute the action." Appellants provided no documentary evidence that Haldanes Solicitors had, in fact, agreed to join them to the action, or gave appellants the impression that appellants had, in fact, been joined. On the record before us, appellants' supposed diligence consists of "contact[ing]" Haldanes Solicitors immediately after the stay was issued in December 2001, "ask[ing]" to be joined in the Consolidated Actions, and then doing *absolutely nothing for three years*, until December 2004 when they discovered HKAOA had settled the action without them.

The third factor is "[t]he extent to which the parties engaged in any settlement negotiations or discussions." (Cal. Rules of Court, rule 3.1342(e).) While appellants argue that the fact that the Consolidated Actions were partially settled in December 2004 justifies their delay in pursuing Cathay at least until that time, we disagree. Appellants' own declarations each state that Haldanes Solicitors negotiated the settlement "without my input," indicating that, while there were settlement negotiations, appellants were not party to them.

The fourth factor is "[t]he diligence of the parties in pursuing discovery or other pretrial proceedings." (Cal. Rules of Court, rule 3.1342(e).) Here, appellants pursued no discovery for over four years. Indeed, if they *had* timely joined the Consolidated Actions, discovery would have been complete. The fifth factor is "[t]he nature and complexity of the case" (*ibid.*), which is neutral.

The sixth factor is "[t]he law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case." (Cal. Rules of Court, rule 3.1342(e).) Appellants contend that, until the settlement in December 2004, the Consolidated Actions were pending and could have resolved their dispute with Cathay.

While this is true, it is also true that appellants *had not joined* the Consolidated Actions.[5] We do not, by this, mean to imply that appellants had an *obligation* to join the Consolidated Actions rather than bringing their own suit against Cathay in Hong Kong if they so chose. We note, however, that appellants had *asked* to join the Consolidated Actions as early as December 2001, and their Hong Kong attorney indicated that consolidating their Hong Kong Action into the Consolidated Actions was still their ultimate goal. Under these circumstances, the fact that another action was *pending*, but appellants *failed to join it*, shows a lack diligence. Indeed, the anticipated consolidation of appellants' Hong Kong Action into the Consolidated Actions will now *delay* the pursuit of the Consolidated Actions.

The seventh factor is "[t]he nature of any extensions of time or other delay attributable to either party." (Cal. Rules of Court, rule 3.1342(e).) Appellants argue that certain delays in the prosecution of the Consolidated Actions are due to Cathay's defense strategy, and that other delays are due to their new Hong Kong counsel wishing to familiarize himself with the case. While this may be true, there are still three years of delay, from December 2001 to December 2004, wholly attributable to appellants.[6]

The eighth factor is "[t]he condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial." (Cal. Rules of Court, rule 3.1342(e).) The parties dispute the amount of delay inherent in litigation in Hong Kong.[7] This much is clear, however. Had appellants timely joined the Consolidated Actions, their action would be ready for trial sooner than it will be now.

The ninth factor is "[w]hether the interests of justice are best served by dismissal or trial of the case." (Cal. Rules of Court, rule 3.1342(e).) Here, we

---

[5] Appellants argue that they "were justified in their prosecution of the Consolidated Actions and in not immediately initiating the Hong Kong Action." But appellants did not "prosecut[e] the Consolidated Actions." Instead, they did not join it, and, when the HKAOA settled with Cathay, they waited an additional 14 months before filing their own suit.

[6] Appellants argue that they should not be charged with the delay from December 2001 through March 2003, as they were, during this time, challenging the stay order on appeal. This is revisionist history at best. Appellants' declarations indicated that they "immediately" contacted Haldanes Solicitors asking to be joined as plaintiffs in the Consolidated Actions after the trial court had stayed the California action. There is simply no evidence in the record that they had *chosen* to take a "wait and see" attitude with respect to the appeal, before pursuing their remedies in Hong Kong.

[7] Appellants suggest that, by allowing a trial court to dismiss an action stayed on forum non conveniens grounds for lack of diligent prosecution, we are improperly holding a foreign court to the California standards of processing litigation. On the contrary, the delays inherent in the foreign court are taken into account in determining whether the plaintiff has been diligent in prosecuting its action. Obviously, delay attributable to the foreign court, as opposed to the plaintiff, should not be charged against the plaintiff.

note that dismissal of the instant case does not deprive appellants of a remedy. It has already been determined that Hong Kong is a suitable alternative forum and there does not appear to be any procedural bar to appellants' pursuit of their action against Cathay in Hong Kong. The only reason this action was stayed, rather than dismissed, as to appellants was that California generally retains an interest in protecting the interests of its residents pending the final decision of the foreign court. When, as here, the California resident has not pursued his remedy in the foreign court with reasonable diligence, California's interest in protecting that resident pending the final decision of the foreign court dramatically decreases.

The tenth and final factor is "[a]ny other fact or circumstance relevant to a fair determination of the issue." (Cal. Rules of Court, rule 3.1342(e).) Here, appellants argue that the delay from December 2001 to December 2004 was purely the fault of Haldanes Solicitors who had, unbeknownst to appellants, failed to join them as plaintiffs in the Consolidated Actions. Appellants argue that their counsel's misfeasance should not be charged against them. We disagree. First, we are troubled by the lack of evidence of attorney fault. There is no declaration of Haldanes Solicitors admitting the error; there is no letter from Haldanes Solicitors informing appellants that they would be, or had been, joined; there is no three-year history of correspondence from Haldanes Solicitors to appellants keeping them informed of the progress of the Consolidated Actions, leading them to believe they had been joined; and there is no history of correspondence between Haldanes Solicitors and appellants' United States counsel at all.[8] In short, to the extent the trial court concluded that appellants' *single act* of asking to be joined and being assured they were being represented does not constitute reasonable diligence over a three year period, we find no abuse of discretion. Second, appellants have provided no authority for the premise that their counsel's wrongdoing should not be charged against them in the context of a discretionary dismissal. Indeed, attorney fault is frequently the reason for a discretionary dismissal. (See, e.g., *Williams v. Los Angeles Unified School Dist.* (1994) 23 Cal.App.4th 84 [28 Cal.Rptr.2d 219].)

## CONCLUSION

The trial court had the discretionary authority to dismiss appellants' action for failure to diligently prosecute their claims in Hong Kong. In doing so in this case, it did not abuse its discretion. We will therefore affirm.

---

[8] Here, we note again that appellants' current Hong Kong counsel only filed the Hong Kong Action when appellants' United States counsel had indicated a deadline for filing it.

## *DISPOSITION*

The judgment is affirmed. Cathay shall recover its costs on appeal.

Klein, P. J., and Aldrich, J., concurred.