Filed 3/14/13  Barth v. Amer. River HealthPro Credit Union CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ROBERTA L. BARTH, | C067717 |
| Plaintiff and Appellant, | (Super. Ct. No. 07AS04796) |
| v. | |
| AMERICAN RIVER HEALTHPRO CREDIT UNION, | |
| Defendant and Respondent. | |

Plaintiff Roberta L. Barth appeals from a judgment dismissing with prejudice her action against defendant American River HealthPro Credit Union and unnamed "Doe" defendants based on Barth's delay in prosecuting the action (Code Civ. Proc., § 583.410 et seq.).[1]  On appeal, Barth contends the trial court lacked authority to dismiss the action with prejudice, and abused its discretion in granting the motion to dismiss because she

---

[1]    Undesignated section references are to the Code of Civil Procedure.

1

made a credible showing of excuse for failing to serve the complaint until nearly three years had passed, because American River HealthPro Credit Union was not prejudiced. The first contention has merit: under these circumstances, the applicable statutes only allow a dismissal "without prejudice." (§§ 581, subd. (b)(4), 583.410.) We reverse the judgment and modify the order of dismissal.

BACKGROUND

On October 22, 2007, Barth (in pro se) filed a complaint alleging causes of action (among others) for fraud and deceit, breach of contract, misrepresentation, unfair business practice, abuse of process, constructive trust, and negligence. All of Barth's claims arise from American River HealthPro Credit Union's alleged wrongful foreclosure of her Fair Oaks home.

In April 2008, the trial court sent Barth a notice of case management conference and order to appear. Barth responded by letter that, until recently, she lacked funds necessary to proceed with the litigation, but now "I will serve the defendants and determine what I need to file with the court to get this case on track . . . ."

In October 2008, attorney Ronald L. Melluish filed a case management statement on Barth's behalf. Melluish reported that the defendant had not been served because "pro per plaintiff unable to serve" and he had "just subbed in. The complaint needs to be amended. I took the case because this plaintiff does make out a case for a very wrongful foreclosure. [¶] I would ask the court's indulgence in setting the matter over at least 60 days to another [case management conference], during which time I might complete the amended comp[laint] and send it out for service."

American River HealthPro Credit Union merged into SAFE Credit Union (SAFE) on July 1, 2009; as a result, American River HealthPro Credit Union ceased to exist.

The complaint was never amended. Barth served American River HealthPro Credit Union with the original complaint and an amended summons on October 20, 2010.

2

SAFE moved to dismiss the complaint with prejudice, on the ground Barth failed to serve defendant within two years after the action was commenced (§ 583.420, subd. (a)(1)), and failed to bring the case to trial within two years of filing it (§ 583.420, subd. (a)(2)(B)). It argued that Barth had done nothing to prosecute her action, in that she has propounded no discovery, noticed no depositions, and filed "no papers of any kind" for the past 36 months. Barth has no reasonable excuse for her delay, SAFE argued, and it would be unduly burdensome now for SAFE to locate employees of American River Health Pro Credit Union and, in any event, memories will have faded in the interim.

Barth filed a memorandum in opposition to the motion to dismiss, arguing she had a reasonable excuse for delay in prosecuting her action in 2009 and 2010: she could not afford to pay counsel. SAFE will suffer no prejudice from the delay or the ensuing merger, Barth responded, because this case is "document heavy," not "overly dependent on witnesses," and, in any event, some former American River HealthPro Credit Union employees are still employed by SAFE.

In support of her opposition, Barth submitted a belated declaration in which she averred defendant was aware of the action before service because she made many attempts at settlement before filing. Barth also suggested she had reasonable excuses for her failure to prosecute: "throughout the last year and prior" she was occupied with caring for two ill brothers; between April and December 2009 she was unemployed; and in December 2009 she suffered an injury and began receiving disability benefits.

Following a hearing at which both parties appeared by counsel, the trial court granted the motion. It found "nothing" had happened in the case between October 2007 and October 2010 and there was no excuse for the delay as Barth never claimed she attempted to serve American River HealthPro Credit Union or experienced difficulty doing so, and her family difficulties occurred while she was represented, when counsel could undertake service. Weighing the equities, the court also concluded defendant

3

would be prejudiced by allowing the case to proceed after Barth's delay because witnesses' memories will have faded.

DISCUSSION

I

*General Legal Principles and Standard of Review*

As relevant here, a trial court has discretion to dismiss an action for "delay in prosecution" (§ 583.410, subd. (a))[2] when service is not made within two years after the action is commenced against the defendant (§ 583.420, subd. (a)(1)), or the action is not brought to trial within two years after it is commenced. (§ 583.420, subd. (a)(2)(B).)[3]

Section 583.420 and other dismissal-for-delay statutes serve a dual purpose. First, they are statutes of repose, enacted to discourage stale claims and promote justice by preventing the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. Second, they are designed to compel reasonable diligence in the prosecution of actions, thereby expediting

---

[2]    Section 583.410 states:  "(a) The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case.
    (b)  Dismissal shall be pursuant to the procedure and in accordance with the criteria prescribed by rules adopted by the Judicial Council."

[3]    As relevant here, section 583.420 provides:  "(a) The court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred:
    (1)  Service is not made within two years after the action is commenced against the defendant.
    (2)  The action is not brought to trial within the following times:
    (A)  Three years after the action is commenced against the defendant unless otherwise prescribed by rule under subparagraph (B).
    (B)  Two years after the action is commenced against the defendant if the Judicial Council by rule adopted pursuant to Section 583.410 so prescribes for the court because of the condition of the court calendar or for other reasons affecting the conduct of litigation or the administration of justice."

4

the administration of justice. Balanced against these considerations is the strong public policy in favor of disposing of litigation on the merits rather than on procedural grounds. Although that policy is generally viewed as more compelling than the one seeking to promote prompt prosecution, it will not prevail unless the plaintiff meets his burden of establishing excusable delay. (*Roach v. Lewis* (1993) 14 Cal.App.4th 1179, 1182-1183 and cases cited therein; *Van Keulen v. Cathay Pacific Airways, Ltd.* (2008) 162 Cal.App.4th 122, 130 (*Van Keulen*).)

Dismissal pursuant to section 583.410 must be made in accordance with the criteria prescribed in California Rules of Court, rule 3.1342(e).[4] (§ 583.410, subd. (b).) That rule requires the trial court to consider: (1) The court's file in the case and the declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; (2) The diligence in seeking to effect service of process; (3) The extent to which the parties engaged in settlement negotiations or discussions; (4) The diligence of the parties in pursuing discovery or other pretrial proceedings, including extraordinary relief; (5) The nature and complexity of the case; (6) The law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; (7) The nature of any extensions of time or other delay attributable to either party; (8) The condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; (9) Whether the interests of justice are best served by dismissal or trial of the case; and (10) Any other fact or circumstance relevant to a fair determination of the issues. (See *Wagner v. Rios* (1992) 4 Cal.App.4th 608, 611 [citing former rule 373].)

---

[4] Undesignated references to rules are to the California Rules of Court.

The trial court's decision on a discretionary dismissal motion such as this is not subject to reversal on appeal absent a showing of manifest abuse resulting in a miscarriage of justice.  (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 698 (*Landry*); *Van Keulen, supra*, 162 Cal.App.4th at p. 131.)  "Such abuse of discretion is generally considered to be demonstrated when the trial court has exceeded the bounds of reason.  [Citation.]  We must presume the trial court's order was correct, and it is the [appellant's] burden to overcome that presumption and establish a clear abuse of discretion.  [Citations.]" (*Landry, supra*, 39 Cal.App.4th at p. 698.)  When, as here, the trial court makes factual findings, " 'an appellate court should defer to the factual determinations made by the trial court when the evidence is in conflict.  This is true whether the trial court's ruling is based on oral testimony or declarations.  [Citation.]' " (*Roach v. Lewis, supra,* 14 Cal.App.4th at p. 1185.)

II

*Barth Has Shown No Abuse of Discretion in Granting the Dismissal*

Applying the rule announced by the Fifth District Court of Appeal in *Putnam v. Clague* (1992) 3 Cal.App.4th 542 (*Putnam*), Barth contends she established an adequate excuse for the delay because "she was and had been destitute for some time and specifically during the time she might have served this matter earlier, . . . and for that reason was not able to prosecute the action."

*Putnam* held that when a plaintiff's excuse reflects a conscious decision not to serve the summons and complaint on defendant, and the plaintiff's explanation for the delay is credible and reasonable, the burden shifts to defendant to show that other factors support dismissal.  (*Putnam, supra*, 3 Cal.App.4th at pp. 557-558.)  Many courts have declined to follow *Putnam*, instead applying the factors in rule 3.1342(e) and its predecessor.  (*Roach v. Lewis, supra,* 14 Cal.App.4th at p. 1184; see also *Williams v. Los Angeles Unified School Dist*. (1994) 23 Cal.App.4th 84, 98 [distinguishing *Putnam* and following *Roach*].)

6

We need not decide whether *Putnam* states the correct test because, as the trial court concluded, Barth did not establish an excuse for the delay that was credible or reasonable. Rather, as the trial court found, for "all those two years and 363 days, no effort was made to actually serve the entity defendant. Don't know why. Can't explain it. It's not explained in the paperwork."

We agree with the trial court that Barth's delay was not reasonable. Barth does not claim she could not accomplish service on the single corporate defendant from October 2007 to October 2008 while she represented herself. Moreover, she was represented by counsel from October 2008 until relatively recently, and she does not explain why no service efforts were made between October 2008 and October 2010.

Because Barth failed to serve the summons and complaint within two years of the filing of the complaint, the trial court had discretion to dismiss the action pursuant to sections 583.410 and 583.420. In exercising that discretion, the trial court properly considered the criteria set forth in rule 3.1342 and gave a detailed explanation of its reasons at the hearing. There was no abuse of discretion.

Barth also contends there was no showing of prejudice to defendant. Although prejudice to the defendant is not specifically listed in rule 3.1342, it is a relevant factor to be taken into consideration. (*Rim Forest Lumber Co. v. Woodside Construction Co.* (1987) 190 Cal.App.3d 454, 464.) However, a showing of actual prejudice is not required before dismissal can be ordered. (*Scarzella v. DeMers* (1993) 17 Cal.App.4th 1762, 1769.) "Prejudice to a defendant is inherent when actions are dilatorily prosecuted. [Citations.]" (*Martin v. K & K Properties, Inc.* (1987) 188 Cal.App.3d 1559, 1565.) Thus, the policy favoring litigation on the merits only comes into play if the plaintiff makes a showing of excusable delay. (*Van Keulen, supra*, 162 Cal.App.4th at p. 131.)

Here, Barth failed to establish any excuse for failing to serve the summons and complaint within two years of the filing of the complaint, precluding the need for the court to evaluate prejudice. However, the trial court expressly found defendant would

7

likely be prejudiced by the delay because "memories have faded. Passage of time has occurred. If indeed the case is document heavy, I don't know where the people are who might support or remember things that address these documents." We defer to those factual findings. (See *Roach v. Lewis, supra,* 14 Cal.App.4th at p. 1185.)

III

*The Court Erred in Dismissing the Action With Prejudice*

Finally, Barth contends the trial court erred in dismissing her action with prejudice, rather than without prejudice.

Barth is correct. Section 583.410 authorizes a trial court to dismiss a case for dilatory prosecution "without prejudice." (§ 581, subd. (b)(4); cf. *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 215 [recognizing courts lack authority to dismiss with prejudice for lack of prosecution]; See 3 Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2012) ¶ 11:112, p. 11-50.) Here, the trial court's signature on an order indicating that the dismissal was "with prejudice" was not authorized by statute; consequently, the court abused its discretion by ordering the dismissal with prejudice. (*Landry, supra*, 39 Cal.App.4th at p. 698.) Because the court acted beyond what it was permitted by statute to do, Barth did not forfeit her claim of error by failing to raise it in the trial court, as SAFE contends.

We likewise decline SAFE's invitation to find the error harmless, because Barth's claims would be barred by the applicable statutes of limitation. To do so would require us to speculate here on whether Barth could adequately plead delayed discovery on any of the claims raised by her complaint; we decline to do so.

8

DISPOSITION

The trial court's judgment is reversed and its order of dismissal is modified to a dismissal without prejudice.  The parties are to bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(3), (5).)


                              NICHOLSON     , Acting P. J.



We concur:



     ROBIE     , J.



     BUTZ     , J.


9