Filed 6/29/16  Xie v. Navarro CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JIANJUN XIE,<br><br>          Plaintiff and Appellant,<br><br>v.<br><br>VICENTE NAVARRO,<br><br>          Defendant and Respondent. | A140507<br><br>(City & County of San Francisco<br>Super. Ct. No. CGC-11-508781) |

Plaintiff Jianjun Xie initiated this tort action in March 2011, alleging he sustained personal injuries in a March 2009 automobile accident caused by defendant Vicente Navarro.  In May 2013, more than two years after filing the action, Xie obtained a default judgment against Navarro in the amount of $158,735.  The trial court later granted Navarro's motion to set aside the default judgment and to dismiss the action, concluding Xie did not properly serve Navarro with the summons and complaint or with a statement of damages (see Code Civ. Proc., § 425.11).[1]  On appeal, Xie (proceeding in propria persona, as he did during most of the trial court proceedings) argues he properly served Navarro and the default judgment was valid.  We modify the trial court's order of dismissal to one without prejudice, and otherwise affirm.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

1

## I. BACKGROUND

### A.    The Complaint and the Proof of Service of Summons

On March 4, 2011, Xie, proceeding in propria persona, filed a complaint alleging Navarro negligently caused a March 27, 2009 automobile accident, in which Xie sustained injuries.  The complaint states the accident occurred in Salinas; Xie, however, filed his complaint in San Francisco Superior Court.

On April 29, 2011, Xie filed a proof of service of summons, which stated that Navarro had been served with the summons, the complaint and an alternative dispute resolution (ADR) package.  The proof of service and attached declarations, which were signed by Ms. Dantao Su, state that Su attempted to serve Navarro personally at 70 Riker Street in Salinas (the address listed for Navarro on the police report prepared for the accident), but was "unable to find [him]" there.  Su attempted personal service at the Riker Street address on March 5, 12 and 19, 2011.  The proof of service states that Su effected "substituted service" on Navarro by nailing the documents to the door at the Riker Street address (on March 19, 2011) and then mailing the documents to that address (on April 27, 2011).  After March 19, 2011, Su made several more attempts to serve Navarro personally at the Riker Street address (on March 23, 26 and 28, 2011, and on April 2, 7, 9, 15, and 23, 2011), but she was unable to find him there.  The proof of service does not state that a statement of damages was included in the set of documents served.

### B.    The Entry of Default and Xie's Efforts to Obtain a Default Judgment

On July 18, 2011, Xie submitted to the court (1) a form request (Judicial Council Form CIV-100), on which he checked boxes stating he was requesting entry of default, a clerk's judgment and a court judgment, (2) a "Statement in Support of Request for Entry of Default" setting forth a "statement of damages" claimed by Xie and attaching medical records, bills and other documents, and (3) a form judgment to be signed by the court or the clerk.  Also, instead of filing a case management statement for the case management conference that the court had scheduled for August 5, 2011, Xie filed a document entitled "Statement of Defendant's Default Status."  A proof of service that was later filed with

2

the court states that these documents (including the statement of damages) were mailed to the Riker Street address on July 18, 2011.

On July 22, 2011, the court continued the case management conference to November 4, 2011. Instead of filing a case management statement for the continued conference, Xie filed a "Statement of Defendant's Default Status (Further)" on October 19, 2011. Two days later, the court continued the case management conference again, this time to January 6, 2012.

On November 28, 2011, the court clerk entered Navarro's default.[2] As to Xie's request for a default judgment, the clerk issued a document entitled "DEFAULT JUDGMENT REJECT," which stated that, under the local rules, a prove-up hearing would be necessary before a default judgment could be entered. The document stated "MOTION FOR HEARING SHOULD BE FILED AT SUBSEQUENT FILING."

In response to this notice, Xie did not seek to schedule a prove-up hearing. Instead, on December 20, 2011, Xie filed a "Statement of Defendant's Default Status and Request for Action." In this document, Xie argued that the local rules did not require a prove-up hearing, and that the Code of Civil Procedure required the court to enter default judgment. Xie asked that the court "grant me judgment by default[.]"

On December 23, 2011, the court issued an order cancelling the January case management conference and stating the case "is set for a case management conference on [April 6, 2012] . . . for plaintiff to obtain default judgment against defendant(s)."

Xie again did not seek to schedule a prove-up hearing. Instead, on March 19, 2012, Xie filed another set of documents with the court, including a "Statement of Defendant's Default Status," a form request for court judgment, a supporting declaration, and a statement of damages. An accompanying proof of service states these documents were mailed to the Riker Street address on March 19, 2012.

---

[2] An entry in the register of actions for November 28, 2011 states default was entered on that date, although the record on appeal does not include a copy of Xie's request for entry of default signed by the clerk.

On March 23, 2012, the court cancelled the April case management conference and ordered Xie to appear on June 25, 2012 to "show cause why this action should not be dismissed or why sanctions should not be imposed for failure to . . . enter default judgment."

On June 14, 2012, Xie filed a "Declaration re: Order to Show Cause," in which he argued that the Code of Civil Procedure required the court to enter a default judgment. A proof of service stated that the declaration (along with attached documents, including Xie's statement of damages) was mailed to the Riker Street address on June 14, 2012.

On June 22, 2012, the court issued an order continuing the order to show cause hearing from June 25, 2012 to October 23, 2012. The court's order continuing the hearing stated: "Note: Plaintiff to submit Default Judgment packet to defaults section."

Plaintiff resubmitted his default papers on August 31, 2012, but did not seek to schedule a prove-up hearing. Proofs of service that were later filed with the court state that the request for default and accompanying documents (including Xie's statement of damages) were mailed to the Riker Street address. On October 4, 2012, the court again continued the order to show cause hearing, this time to February 26, 2013.

On October 30, 2012, the court clerk again rejected Xie's request for entry of default judgment. The clerk's notice, entitled "DEFAULT JUDGMENT REJECT," stated "UNLIMITED DEFAULT JUDGMENT NEED TO HAVE A PROVE-UP HEARING. MOTION FOR HEARING DATE SHOULD BE FILED AT SUBSEQUENT FILING. $90 FILING FEE."

Xie filed nothing in response to this notice and explanation from the clerk. On February 6, 2013, the court continued the order to show cause hearing to June 25, 2013. The court's notice included another reminder to Xie about the status of his efforts to have a default judgment entered, stating: "NOTE: DEFAULT JUDGMENT REJECTED OCT-30-2012."

## C. Xie's Brief Representation by Counsel and the Entry of the Default Judgment

On April 18, 2013, attorney Gabriel Cho substituted in as counsel for Xie. On the same date, Cho filed a notice stating that a default judgment prove-up hearing was set for

4

May 16, 2013. Cho mailed the notice to the Riker Street address. After the May 16 hearing, at which Xie testified and submitted documentary evidence, the court entered a default judgment for Xie and against Navarro in the amount of $158,735. The court later ordered the June 25, 2013 order to show cause hearing off calendar, noting that judgment had been entered.

On July 25, 2013, Cho withdrew as Xie's counsel, noting judgment had been entered and no motions were pending. The following day, Xie responded by filing a notice stating he had terminated Cho's representation on May 23, 2013.

**D.** **Navarro's Motion to Set Aside and Dismiss**

On August 13, 2013, Navarro (through counsel) filed a motion (1) to set aside the default judgment because Xie did not properly serve Navarro with the summons and complaint or with a statement of damages, and (2) to dismiss the case based on Xie's failure to effect service of summons within two years of filing the complaint (or, alternatively, to transfer the action to Monterey County, the location of the accident and Navarro's residence). In a supporting declaration, Navarro stated that, after March 27, 2009 (the date of the accident), he did not live at the Riker Street address (where Xie attempted to serve him in 2011), but instead lived at other addresses in Salinas. Navarro stated he "was never served" with the summons, complaint and ADR package.

A declaration from Navarro's counsel (also submitted in support of the motion) attached correspondence between Xie and State Farm Mutual Automobile Insurance Company (State Farm), Navarro's insurer, concerning Xie's personal injury claim arising from the March 2009 accident. The correspondence about Xie's claim began in August 2009 and continued until 2011. In some of these letters (sent on August 31, 2009, October 28, 2009, November 4, 2009, and February 17, 2011), State Farm stated that a two-year statute of limitations applied to Xie's injury claim, and reminded Xie that, to protect his interests, he would need to settle his claim or file suit within two years from the date of his injury. On August 15, 2011, State Farm sent Xie a letter stating: "It is our understanding the statute of limitations on your bodily injury claim expired on March 27, 2011. [¶] We have not been able to locate a filing with the court to confirm you protected

5

the statute. Therefore, your right to settle your bodily injury claim has expired. [¶] If you did protect the statute, please provide us with documentation. We will be closing the claim unless we receive the documentation."[3]

The record does not reflect that Xie responded to State Farm's August 2011 letter. Instead, as discussed above, he continued for many months to seek to have a default judgment entered. On July 8, 2013, after the court entered the default judgment, Xie sent a letter to State Farm demanding payment of the judgment. In the declaration submitted in support of Navarro's motion to set aside the judgment, Navarro's counsel states on information and belief that Xie did not notify State Farm of the lawsuit until after he obtained the default judgment.

On November 7, 2013, after a hearing, the court granted Navarro's motion to set aside the default and the default judgment and dismiss the action. The court concluded the judgment was void because Xie did not properly serve Navarro with the summons and complaint or with a statement of damages. The court also ruled that dismissal was appropriate because Xie failed to serve Navarro within two years of the commencement of the action and "was not diligent in prosecuting the action," and because Navarro would be "unduly prejudiced in his defense of this matter over four years after the subject incident." Xie appealed.

## II. DISCUSSION

### A. The Court Properly Set Aside the Default and the Default Judgment

A defendant against whom a default or a default judgment has been entered may pursue different avenues of relief, including arguing that service of summons did not result in actual notice (§ 473.5),[4] or that the judgment is void (§ 473, subd. (d)).[5] (See

---

[3] Navarro's appellate brief states that State Farm "looked for [Xie's] Complaint but did not find it (the only proper venue was Monterey County)"; State Farm apparently did not check for filings in San Francisco.

[4] Section 473.5, subdivision (a) provides: "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the

6

*Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 180–181 (*Trackman*).) A defendant seeking to set aside a default or default judgment under section 473.5 based on a lack of actual notice must serve and file the motion "within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered." (§ 473.5, subd. (a).) And when a party moves under section 473, subdivision (d) to set aside "a judgment that, though valid on its face, is void for lack of proper service, the courts have adopted by analogy the statutory period for relief from a default judgment" set forth in section 473.5. (8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 209, pp. 814–815; *Trackman, supra,* 187 Cal.App.4th at p. 180.) In pursuing relief on either of these grounds, a defendant may rely on evidence about the method of purported service. (*Trackman, supra,* at p. 181.)

In contrast to the above avenues of relief, a motion to set aside a default judgment on the ground that it is *facially void* (see § 473, subd. (d)) is not subject to any time limitation. "A judgment or order that is invalid on the face of the record is subject to collateral attack. [Citation.] It follows that it may be set aside on motion, with no limit on the time within which the motion must be made." (8 Witkin, Cal. Procedure, *supra,* § 207, p. 812.) "This does not hinge on evidence: A void judgment's invalidity appears on the *face of the record,* including the proof of service." (*Trackman, supra,* 187 Cal.App.4th at p. 181.)

In his motion to set aside, Navarro argued both that he did not receive actual notice and that the judgment was void. As noted, the trial court concluded the judgment was void because Xie did not properly serve Navarro with the summons and complaint or

---

action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered."

[5] Section 473, subdivision (d) provides in relevant part: "The court may, . . . on motion of either party after notice to the other party, set aside any void judgment or order."

with a statement of damages. After reviewing the matter de novo, we conclude that the default and the default judgment are facially void, and that the trial court properly set them aside.[6] (See *Talley v. Valuation Counselors Group, Inc.* (2010) 191 Cal.App.4th 132, 146 [appellate court reviews de novo the question whether a default judgment is void].)

A judgment may be void if default is entered without proper service of a statement of damages. (*Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 858.) "When a complaint alleges damages for personal injury, the plaintiff must serve on the defendant a statement setting forth the nature and amount of damages being sought before a default may be taken. (§ 425.11, subds. (b) & (c).) When, as in this case, the defendant has not made an appearance, the statement must be served in the same manner as a summons. (§ 425.11, subd. (d).) 'The purpose of section 425.11 is to " 'give defendants "one last clear chance" to respond to allegations of complaints by providing them with "actual" notice of their exact potential liability.' " ' " (*Sakaguchi v. Sakaguchi, supra,* 173 Cal.App.4th at p. 860.)

Xie did not serve his statement of damages in the same manner as a summons. Xie argues he effected "substituted service" on Navarro of the summons, the complaint and the ADR package under section 415.20 by leaving them at the Riker Street address in March 2011 and thereafter mailing copies of those documents to the Riker Street address. But even if those steps had been effective in accomplishing valid service of the summons (a question we address in part II.B below), Xie does not contend that he served the statement of damages in that manner, and the proof of service of summons filed with the court does not state that a statement of damages was left at the Riker Street address with the other documents. Instead, as outlined above, after purportedly effecting service of the summons, Xie just *mailed* the statement of damages to the Riker Street address, first on July 18, 2011 in connection with his request for entry of default, and on subsequent

---

[6] Because we conclude the default and the default judgment are facially void and can be set aside at any time, we do not address the parties' arguments as to whether Navarro's motion was filed within the time limitations set forth in section 473.5.

8

occasions in connection with his efforts to obtain entry of a default judgment.[7]  In his appellate brief, Xie argues he served the statement of damages on July 18, 2011.  As noted, that service was by mail, and it does not satisfy the statutory requirement that the statement of damages be served in the same method as a summons.

Because Xie did not serve the statement of damages in the same manner as a summons, the default and the default judgment entered against Navarro (who had not appeared in the action) are facially void, and the trial court correctly set them aside under section 473, subdivision (d).  (*Schwab v. Southern California Gas Co.* (2004) 114 Cal.App.4th 1308, 1324, 1326; accord, *Plotitsa v. Superior Court* (1983) 140 Cal.App.3d 755, 760–761.)

## B.  The Court Did Not Abuse Its Discretion in Dismissing the Action

In addition to setting aside the default judgment, the court dismissed the action for lack of prosecution.  A trial court has discretion to dismiss an action for "delay in prosecution" (§ 583.410, subd. (a))[8] when "[s]ervice is not made within two years after the action is commenced against the defendant" (§ 583.420, subd. (a)(1)).[9]  We review a trial court's discretionary dismissal for delay under the abuse of discretion standard. (*Van Keulen v. Cathay Pacific Airways, Ltd.* (2008) 162 Cal.App.4th 122, 131.)  "We

---

[7] Under section 415.30, mailing of a summons may effect service if the defendant executes a written acknowledgment of receipt of the summons.  But the proofs of service submitted by Xie do not state (and he does not argue on appeal) that he attempted service of the summons or the statement of damages under this statute by mailing an acknowledgment of receipt to Navarro, or that Navarro ever executed an acknowledgment of receipt.  (See §§ 415.30, subds. (a)–(c), 417.10, subd. (a).)

[8] Section 583.410 states:  "(a) The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case. [¶] (b) Dismissal shall be pursuant to the procedure and in accordance with the criteria prescribed by rules adopted by the Judicial Council."

[9] Section 583.420 provides in relevant part:  "(a) The court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred:  [¶] (1) Service is not made within two years after the action is commenced against the defendant."

must presume the trial court's order was correct, and it is the plaintiff's burden to overcome that presumption and establish a clear abuse of discretion." (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 698.) Xie has not met this burden.

In granting Navarro's motion to dismiss, the trial court concluded that Xie did not serve Navarro within two years of the commencement of the action, that Xie was not diligent in prosecuting the action, and that Navarro would be unduly prejudiced in defending the matter more than four years after the accident. On appeal, Xie argues he acted diligently because he served Navarro by substituted service under section 415.20 by leaving the summons and other documents at the Riker Street address in March 2011, shortly after filing the complaint. The trial court correctly concluded Xie did not properly effect service of summons on Navarro.

Under section 415.20, subdivision (b), if an individual defendant cannot with reasonable diligence be personally served with the summons and complaint, "a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. . . ." Section 417.10 specifies that a proof of service made within this state must "recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served . . . ." A proof of service specifying the summons was delivered to a person whose name is unknown to the process server is not void for failing to include the person's true name. (See *Trackman, supra*, 187 Cal.App.4th at pp. 183–185 [proof of service stating summons was served on " 'John Doe, co-resident' " was not

10

void on its face].)  But here the proof of service filed by Xie does not state the summons was delivered to (or left in the presence of) anyone.

On the form proof of service filed by Xie (Judicial Council Forms, form POS-010 [Rev. January 1, 2007]), boxes are checked (in item 2 of the form) stating that Dantao Su served the summons, complaint and ADR package.  Item 3 states that the party served was Navarro, and item 4 states that he was served at the Riker Street address.  Finally, in item 5 (the method of service), a box for "substituted service" (item 5.b) is checked. Next to that checked box, the preprinted language on the form states:  "I left the documents listed in item 2 with or in the presence of (*name and title or relationship to person indicated in item 3*):"  Following the colon at the end of the preprinted language, no person is specified, either by his or her true name, as "John Doe," or by any other description of a person.  Instead, Su completed the above sentence by stating she left the documents "on the door of the party's dwelling house by nailing the documents."

Similarly, in the declaration of diligence attached to the proof of service, Su does not state that the documents were delivered to (or left in the presence of) anyone. Instead, Su lists the dates and times when she attempted personal service (between March 5 and April 23, 2011), and then states:  "I was unable to find the party at the party's address when making the aforementioned personal services.  I left the documents on the door of the party's dwelling house/residence on 3/19/2011 by nailing the documents.  I made several other attempts at personal service afterwards as mentioned above and was still unable to find the party.  The party apparently avoided service of summons and complaint."  Xie has cited no authority for a conclusion that a person can effect substituted service under section 415.20 by simply leaving documents on the door of a residence.

In his appellate brief, Xie states that, when Su attempted to serve Navarro at the Riker Street address on March 19, 2011, she saw a man inside the house who looked through the window, but then did not answer the door.  Xie also states that, in addition to nailing copies of the summons and other documents to the door of the house, Su slid a set of the documents under the door.  Nothing in the record supports these assertions.  The

11

proof of service and the attached declaration of diligence do not state that Su saw anyone at the house or that she slid the documents under the door; to the contrary, as noted, the proof of service and the declaration of diligence state that Su "was unable to find" Navarro at the house and therefore nailed the documents to the door. We do not consider whether a different account such as that suggested by Xie in his appellate brief could constitute proper service.[10]

Xie also suggests briefly that, after his purported service of Navarro, he acted diligently in seeking entry of the default and the default judgment. But the trial court reasonably could conclude Xie did not act with reasonable diligence in obtaining a default judgment, in light of the many months it took him to do so (from the November 28, 2011 entry of default until the May 16, 2013 entry of the default judgment) and his repeated failure to schedule a prove-up hearing during that time (despite receiving multiple reminders that such a hearing was required). Xie has not shown the court abused its discretion by dismissing the action.

The court erred, however, by dismissing the action with prejudice. Section 583.410 authorizes a trial court to dismiss a case for dilatory prosecution "without prejudice." (§ 581, subd. (b)(4); see *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 215 [recognizing courts lack authority to dismiss with prejudice for lack of prosecution]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2015) ¶ 11:112, p. 11-60.) Although the text of the court's dismissal order does not specify whether the dismissal is with or without prejudice, the caption of the court's order (which was submitted to the court as a proposed order by counsel for Navarro) states the court has granted Navarro's motion to dismiss "with prejudice." We will modify the court's dismissal order to specify that the dismissal is without prejudice.

---

[10] In connection with his written opposition to Navarro's motion to set aside and dismiss, Xie submitted no evidence about the purported service of Navarro. At the hearing on the motion, Xie asked to submit additional evidence on this point; the trial court declined to admit it. Xie does not argue on appeal, and we decline to hold, that the court abused its discretion by declining to consider proposed evidence that Xie mentioned for the first time at the hearing on the motion.

## III. DISPOSITION

The trial court's order setting aside the default and the default judgment and dismissing the action is modified to specify the dismissal is without prejudice. The order is otherwise affirmed. The parties are to bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(3), (5).)

_____

Streeter, J.

We concur:

_____

Ruvolo, P.J.

_____

Reardon, J.

A140507/*Xie v. Navarro*

14